| | |
|---|---|
| Dena C. Sharp (State Bar No. 245869) | John E. Schmidtlein (State Bar No. 163520) |
| Jordan Elias (State Bar No. 228731) | Benjamin M. Greenblum (*pro hac vice*) |
| Adam E. Polk (State Bar No. 273000) | **WILLIAMS & CONNOLLY LLP** |
| Scott M. Grzenczyk (State Bar No. 279309) | 725 Twelfth Street, N.W. |
| **GIRARD SHARP LLP** | Washington, DC 20005 |
| 601 California Street, Suite 1400 | Tel: (202) 434-5000 |
| San Francisco, CA 94108 | Fax: (202) 434-5029 |
| Tel: (415) 981-4800 | jschmidtlein@wc.com |
| Fax: (415) 981-4846 | bgreenblum@wc.com |
| dsharp@girardsharp.com | |
| jelias@girardsharp.com | *Attorneys for Defendants Google LLC and* |
| apolk@girardsharp.com | *Alphabet Inc.* |
| scottg@girardsharp.com | |

Tina Wolfson (State Bar No. 174806)
Theodore W. Maya (State Bar No. 223242)
Christopher E. Stiner (State Bar No. 276033)
Rachel Johnson (State Bar No. 331351)
**AHDOOT & WOLFSON, PC**
10728 Lindbrook Drive
Los Angeles, CA 90024
Tel.: (310) 474-9111
Fax: (310) 474-8585
twolfson@ahdootwolfson.com
tmaya@ahdootwolfson.com
cstiner@ahdootwolfson.com
rjohnson@ahdootwolfson.com

*Attorneys for Plaintiffs*

[Additional Counsel Listed on Signature Page]

**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF CALIFORNIA**
**SAN JOSE DIVISION**

| | |
|---|---|
| IN RE GOOGLE DIGITAL ADVERTISING ANTITRUST LITIGATION | Case No. 5:20-cv-03556-BLF <br><br> **JOINT STATEMENT REGARDING EARLY DISCOVERY** <br><br> Honorable Beth L. Freeman |

Plaintiffs Grand Atlas LLC d/b/a Grand Atlas Tours, Surefreight Global LLC dba Prana Pets, Hanson Law Firm, PC, Michael Devaney, Michael Stellman, and Vitor Lindo ("Plaintiffs") and Defendants Google LLC and Alphabet Inc. ("Defendants" or "Google") provide this Joint Statement Regarding Early Discovery as requested by the Court at the initial case management conference of September 24, 2020.

**Plaintiffs' Statement**

At this time, Plaintiffs do not seek full-fledged discovery, but instead request production of a discrete set of 100,000 pages of documents that Google reportedly produced to the Texas Attorney General regarding its alleged anticompetitive practices in the digital advertising markets at issue here. Production of this single set of pre-packaged documents will present minimal burden to Google, and will streamline negotiation of early case management documents—like the ESI and protective orders—and focus future discovery efforts in the case.

Plaintiffs filed their Consolidated Class Action Complaint on September 25, 2020. Dkt. No. 35. The complaint alleges that Google unlawfully monopolized the "ad tech stack"—the intermediary services between advertisers and publishers—in the market for online display advertising. As directed by the Court at the September 24 conference, Plaintiffs provided their position on early discovery in a letter to Google on October 2. Plaintiffs focused their early requests on documents related to Google's display advertising-related conduct that it has collected and produced to the Texas Attorney General and the U.S. House of Representatives. Recognizing Google's superior knowledge about those productions, Plaintiffs sought a productive discussion with Google to identify aspects of the productions that are relevant and can be produced in this action with minimal burden.

The parties conferred on October 12. Google took the position that it should not have to engage in any discovery pending resolution of its forthcoming Rule 12 motion. Google stated that its productions to the Texas AG and the House included documents that are irrelevant to the complaint in this case and not readily identifiable or segregable by topic. In response, Plaintiffs noted that all or nearly all of the Texas document requests focus directly on the display advertising market—which is also the focus of Plaintiffs' complaint. The Texas requests do not, for example, concern whether Google gained an unlawful monopoly in internet search, but instead map on to the same substantive

issues discussed in the complaint. Plaintiffs also noted the statement from a Google representative, as quoted in the *Wall Street Journal*, that Google made an initial production of responsive materials to the Texas AG: "'To date, Texas has requested, and we have provided, over 100,000 pages of information,' the [Google] spokeswoman said."[1]

Thus, during the parties' conference, Plaintiffs narrowed their initial request and proposed that Google simply produce those 100,000 pages as its initial production in this case, with the balance of discovery deferred until resolution of Google's forthcoming motion to dismiss. Google's counsel declined, stating that he had discussed more generally the productions to the Texas AG and the House with Google, and that those documents would need to be re-reviewed because they are not limited to documents relevant to Plaintiffs' claims. Google's counsel did not specify what if any other topics are covered by the 100,000 pages it initially produced to the Texas AG and acknowledged that it had not conducted any sampling of these documents for purposes of this case, nor discussed that corpus of documents specifically with Google.

The parties continue to negotiate the parameters of protective, ESI, expert witness and privilege orders. Given the parties' impasse regarding early discovery, Plaintiffs respectfully suggest the Court set an expedited briefing schedule for Google's motion to stay discovery.

**Defendants' Statement**

Defendants' motion to dismiss is due November 9, and Defendants will file a fully dispositive motion. Defendants respectfully submit that discovery should not begin prior to resolution of that motion, or if necessary, based upon the Court's review of such briefing and application of the "preliminary peek" test.

Because the Court indicated a preference for abbreviated treatment of this issue in this report, Defendants do not rehash here all the authority supporting such relief. If the Court is not inclined to

---

[1] John D. McKinnon, "Google Resists Demands From States in Digital-Ad Probe," *Wall Street Journal* (Feb. 21, 2020), *available at* https://www.wsj.com/articles/google-resists-demand-from-states-in-digital-ad-probe-11582281000.

summarily deny Plaintiffs' request for discovery now, Defendants are prepared to file a formal motion to stay discovery.

Defendants conferred with Plaintiffs on the categories of documents that Plaintiffs are requesting. There are nine such broad categories and Defendants can confirm that the categories do not neatly map onto the document productions made in response to the document requests made by the Texas Attorney General in June 2020—which productions Defendants' counsel specifically discussed with their clients upon Plaintiffs' specification of these particular productions as being at issue—in such a fashion as to make feasible "set[s] of pre-packaged documents," as Plaintiffs suggest. Rather, Defendants would need to re-review the substantial underlying document productions to determine whether any particular document was responsive to Plaintiffs' categories.

A news article about a document production to the Texas Attorney General does not change these facts; certainly the article does not establish that the production referenced therein was limited to the same categories Plaintiffs have listed, much less that there would be "minimal burden" to Defendants in reviewing the prior productions to distinguish nonresponsive material.

Defendants' position remains that if and when discovery proceeds—either after resolution of the forthcoming motion to dismiss or a motion to stay—the parties should follow the ordinary course, with Plaintiffs serving Rule 34 document requests, the parties reaching agreement on the scope of production, and Defendants fulfilling their obligations thereunder. But at this stage, Plaintiffs have provided no reason to deviate from that process.

Dated: October 16, 2020

Respectfully submitted,

By: ___/s/ *Dena C. Sharp*___

Dena C. Sharp (State Bar No. 245869)
Jordan Elias (State Bar No. 228731)
Adam E. Polk (State Bar No. 273000)
Scott M. Grzenczyk (State Bar No. 279309)
**GIRARD SHARP LLP**
601 California Street, Suite 1400
San Francisco, CA 94108
Tel: (415) 981-4800

Fax: (415) 981-4846
dsharp@girardsharp.com
jelias@girardsharp.com
apolk@girardsharp.com
scottg@girardsharp.com

Tina Wolfson (State Bar No. 174806)
Theodore W. Maya (State Bar No. 223242)
Christopher E. Stiner (State Bar No. 276033)
Rachel Johnson (State Bar No. 331351)
**AHDOOT & WOLFSON, PC**
10728 Lindbrook Drive
Los Angeles, CA 90024-3102
Tel: (310) 474-9111
Fax: (310) 474-8585
twolfson@ahdootwolfson.com
tmaya@ahdootwolfson.com
cstiner@ahdootwolfson.com
rjohnson@ahdootwolfson.com

Scott L. Silver (*pro hac vice* forthcoming)
**SILVER LAW GROUP**
11780 W. Sample Road
Coral Springs, FL 33065
Tel: (954) 755-4799
ssilver@silverlaw.com

*Attorneys for Plaintiffs*


By: ___/s/ *Benjamin M. Greenblum*___
John E. Schmidtlein (State Bar No. 163520)
Benjamin M. Greenblum (*pro hac vice*)
**WILLIAMS & CONNOLLY LLP**
725 Twelfth Street, N.W.
Washington, DC 20005
Tel: (202) 434-5000
Fax: (202) 434-5029
jschmidtlein@wc.com

*Attorneys for Defendants Google LLC and Alphabet Inc.*

**ATTESTATION**

I, Dena C. Sharp, am the ECF user whose identification and password are being used to file this Joint Case Management Conference Statement. I attest under penalty of perjury that concurrence in this filing has been obtained from all counsel listed above.

DATED: October 16, 2020                     /s/ *Dena C. Sharp*
                                                                    Dena C. Sharp