1  John E. Schmidtlein (CA State Bar No. 163520)
   Benjamin M. Greenblum (*pro hac vice*)
2  WILLIAMS & CONNOLLY LLP
   725 Twelfth Street, N.W.
3  Washington, DC 20005
   Telephone: (202) 434-5000
4  Facsimile: (202) 434-5029
5  Email: jschmidtlein@wc.com

6  *Attorneys for Defendants Google LLC
   and Alphabet Inc.*
7

8

9

10                    **UNITED STATES DISTRICT COURT**

11                    **NORTHERN DISTRICT OF CALIFORNIA**

12                              **SAN JOSE DIVISION**

13

14                                          )   Case No. 5:20-cv-03556-BLF
                                            )
15  IN RE GOOGLE DIGITAL                    )
    ADVERTISING ANTITRUST                   )
16  LITIGATION                              )   **DECLARATION OF MICHAEL KREINS**
                                            )
17                                          )
                                            )
18                                          )
                                            )
19                                          )
                                            )
20                                          )
                                            )
21

22

I, Michael Kreins, declare as follows:

1. I am a legal assistant on the ads legal team at Google LLC ("Google"). I began working at Google nearly two and a half years ago and have been in my current role for the entire time. Through my work, I am very familiar with records relating to, among other things, Google Ads, including display ads, as well as the relevant terms and policies that apply to ads. In my current role, I have access to the below referenced records.

2. The content of this declaration is based on my personal knowledge and from my review of Google's relevant records. If called as a witness, I could and would testify competently thereto.

**Google Advertising Program Terms**

3. When advertisers sign up to use Google's advertising platforms in the United States, they are shown Google's Advertising Program Terms ("Terms") and are requested to expressly agree to the Terms by clicking a button labeled "Accept" located under the Terms. An advertiser will not be able to use Google's services until after the Terms have been agreed to.

4. During all times that I understand are relevant to this lawsuit, Google Ads has had a Terms of Service. These Terms have been modified from time to time, and in September 2017, the Terms were modified to, among other things, incorporate an agreement to arbitrate disputes. At that time, existing advertisers were given notice asking them to review and accept the modified Terms. That notice campaign included direct email to advertisers, a public blog post, and an alert that advertisers could see when they logged in to their accounts.

5. Attached as **Exhibit A** is a true and correct copy of the September 2017 Terms, *available at* https://payments.google.com/payments/apis-secure/get_legal_document?ldi=30847.

6. As noted above, advertisers received several types of notice that the Terms were being modified, and they were requested to review and accept the new Terms. Each type of notice included a link that, when clicked, directed the advertiser to the webpage shown at **Exhibit B**. The entire text of the September 2017 Terms was available on the webpage shown at Exhibit B by scrolling down in the embedded window, without needing to access other webpages. Above the embedded window, at the top of the page, Exhibit B states: "Please review these Terms carefully. They include the use of

binding arbitration to resolve disputes rather than jury trials or class actions. Please follow the instructions in the terms below if you wish to opt out of this provision." Thus, advertisers were put on notice, without needing to scroll down in the embedded window or visit another webpage, that the September 2017 Terms contain an arbitration clause and the ability to opt out of it.

7. The September 2017 Terms contains the following provision in the first paragraph:

> Please read these Terms carefully. They require the use of binding individual arbitration to resolve disputes rather than jury trials or class actions. If Customer wishes, Customer may opt out of the requirement to arbitrate disputes by following the instructions in Section 13(F) below within 30 days of the first acceptance date of any version of these Terms containing an arbitration provision.

8. Section 13(F) of the September 2017 Terms provides:

> 30-day opt out period. Customer (both for itself and for any Advertiser that Customer represents) and Advertiser have the right to opt out of this Dispute Resolution Agreement. A Customer or Advertiser who does not wish to be bound by this Dispute Resolution Agreement (including its waiver of class and representative claims) must notify Google as set forth below within 30 days of the first acceptance date of any version of these Terms containing an arbitration provision (unless a longer period is required by applicable law). Customer's or Advertiser's notice to Google under this subsection must be submitted via webform available at adwords.google.com/nav/arbitration. An opt-out notice does not revoke or otherwise affect any previous arbitration agreement between Customer and Google or between Advertiser and Google.

9. By clicking on the hyperlink in Section 13(F), an advertiser would have been taken to a landing webpage containing the Opt Out Procedure. The webpage containing the Opt Out Procedure went live in September 2017 in a coordinated rollout with the September 2017 Terms. Attached as **Exhibit C** is a true and correct copy of the webpage containing the Opt Out Procedure, also *available at* adwords.google.com/nav/arbitration. The substance of this webpage has been unchanged since its inception in September 2017.

10. Google updated the Terms in April 2018. Attached as **Exhibit D** is a true and correct copy of the April 2018 Terms, *available at* https://payments.google.com/payments/apis-secure/get_legal_document?ldi=31462. The Dispute Resolution Agreement in the September 2017 Terms, including the sections quoted above, was not modified.

11. Google keeps regular records of the advertisers that have provided Google with notice that they are opting out of the Dispute Resolution Agreement pursuant to Section 13(F) of the September 2017 and April 2018 Terms.

**Plaintiffs' Google Advertising Accounts**

12. I have reviewed Google's records relating to the September 2017 and April 2018 Terms for the plaintiffs identified in this litigation, *i.e.* Surefreight Global LLC d/b/a/ Prana Pets ("Prana Pets"), Michael Stellman, Vitor Lindo, Michael Devaney, and Hanson Law Firm, PC.

13. According to Google's records, the account associated with Prana Pets of Oakland Park, Florida accepted the April 2018 Terms on May 15, 2018. Google's records do not reflect any attempts by Prana Pets to opt out of the Dispute Resolution Agreement pursuant to Section 13(F) of the April 2018 Terms.

14. According to Google's records, the account associated with Michael Stellman of Los Angeles, California accepted the September 2017 Terms on September 14, 2017. Google's records do not reflect any attempts by Mr. Stellman to opt out of the Dispute Resolution Agreement pursuant to Section 13(F) of the September 2017 Terms.

15. According to Google's records, the account associated with Vitor Lindo of Savannah, Georgia accepted the September 2017 Terms on September 8, 2017. Google's records do not reflect any attempts by Mr. Lindo to opt out of the Dispute Resolution Agreement pursuant to Section 13(F) of the September 2017 Terms.

16. Google's records contain two advertising accounts that belong to a Michael Devaney with registered addresses in Sarasota, Florida. According to Google's records, both accounts accepted the September 2017 or April 2018 Terms on September 13, 2017, and September 18, 2018 respectively. Google's records do not reflect any attempts by either account to opt out of the Dispute Resolution Agreement pursuant to Section 13(F) of the September 2017 or April 2018 Terms.

17. As of this date, I have not been able to locate any indication that Hanson Law Firm, PC accepted the September 2017 or April 2018 Terms.

1  I declare under penalty of perjury that the foregoing is true and correct. Executed on November
2  9, 2020 at San Jose, CA .

*Michael Kreins*

- 4 -

DECLARATION OF MICHAEL KREINS
5:20-CV-03556-BLF