John E. Schmidtlein (CA State Bar No. 163520)
Benjamin M. Greenblum (*pro hac vice*)
WILLIAMS & CONNOLLY LLP
725 Twelfth Street, N.W.
Washington, DC 20005
Telephone:  (202) 434-5000
Facsimile:  (202) 434-5029
Email:  jschmidtlein@wc.com
            bgreenblum@wc.com

*Attorneys for Defendants Google LLC
and Alphabet Inc.*

**UNITED STATES DISTRICT COURT**

**NORTHERN DISTRICT OF CALIFORNIA**

**SAN JOSE DIVISION**

| | |
|---|---|
| IN RE GOOGLE DIGITAL ADVERTISING ANTITRUST LITIGATION | Case No. 5:20-cv-03556-BLF  <br><br>**DEFENDANTS' NOTICE OF MOTION AND MOTION TO STAY DISCOVERY; MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEREOF**  <br><br>Hearing Date:  April 8, 2021  <br>Time:  9:00am  <br>Place:  Courtroom 3  <br>Judge:  Hon. Beth Labson Freeman |

**NOTICE OF MOTION AND MOTION TO STAY DISCOVERY**

**PLEASE TAKE NOTICE** that on April 8, 2021, at 9:00am, or as soon thereafter as this matter may be heard, either in Courtroom 3 of this Court, located at 280 South 1st Street, San Jose, California, or by videoconference or teleconference (if the Court prefers), Defendants Google LLC and Alphabet Inc. will and hereby do move the Court for an order granting their Motion to Stay Discovery.  This Motion is based upon this Notice; the accompanying Memorandum of Points and Authorities; any reply memorandum; the pleadings and files in this action; and such other matters as may be presented at or before the hearing.

**CERTIFICATION OF COUNSEL**

I certify that pursuant to Federal Rule of Civil Procedure 26(c)(1), on October 12 and November 5, 2020, counsel for Defendants in good faith conferred with counsel for Plaintiffs in an unsuccessful effort to resolve the dispute without court action.

**MEMORANDUM OF POINTS AND AUTHORITIES**

Defendants respectfully request that the Court stay discovery pending resolution of Defendants' motion to dismiss.  As explained more fully below, good cause for a stay of discovery exists here because Defendants' motion to dismiss may dispose of the entire suit and no discovery is necessary to adjudicate the motion.

**BACKGROUND**

Plaintiffs filed a Consolidated Class Action Complaint ("CAC") on September 25, 2020, ECF No. 35.  The CAC alleges that Defendants violated Section 2 of the Sherman Act by "wrongfully acquir[ing] and unlawfully maintain[ing] monopoly power in the relevant market" of "online display advertising services."  CAC ¶¶ 117, 158.  The CAC also alleges that the same conduct violates California's Unfair Competition Law ("UCL").  CAC ¶ 164.

As explained in Defendants' motion to dismiss, both claims fail as a matter of law.  In particular, Plaintiffs fail to plausibly plead (1) a facially sustainable relevant market, (2) antitrust standing, or (3) any anticompetitive conduct by Defendants, each of which is fatal to Plaintiffs' Sherman Act and UCL claims.  Any of these arguments would alone dispose of Plaintiffs' claims,

and none of them require discovery. Defendants therefore respectfully submit that the burdens and costs of antitrust discovery should be deferred unless and until Plaintiffs can plausibly plead their antitrust claims.

## ARGUMENT

This Court has "wide discretion in controlling discovery," *Little v. City of Seattle*, 863 F.2d 681, 685 (9th Cir. 1988), and "that discretion extends to staying discovery upon a showing of 'good cause,'" *Reveal Chat Holdco, LLC v. Facebook, Inc.*, 2020 WL 2843369, at *1 (N.D. Cal. Apr. 10, 2020) (citing Fed. R. Civ. P. 26(c)(1)(A)). Courts in this District apply a two-pronged test to determine whether discovery should be stayed pending resolution of a dispositive motion: (1) the motion "must be potentially dispositive of the entire case," and (2) the motion "can be decided absent additional discovery." *Id.* at *2 (internal quotation marks omitted). Because both prongs of this test are satisfied here, good cause exists for the requested stay.

### I. Defendants' Motion To Dismiss Is Potentially Dispositive.

The first prong of the test is satisfied if the Court, upon "a preliminary peek at the merits of the underlying motion to dismiss," determines that the motion "is *potentially* dispositive of the entire" case. *Id.* at *3 (internal quotation marks omitted) (emphasis in original). At this "preliminary peek" stage, the Court "need not determine" whether it would ultimately grant the motion to dismiss; nor need any of the motion to dismiss arguments be a "silver bullet defense." *In re Nexus 6p Prods. Liability Litig.*, 2017 WL 3581188, at *2 (N.D. Cal. Aug. 18, 2017). Rather, the Court's inquiry is focused on whether "the motion has the potential to be dispositive." *Cellwitch, Inc. v. Tile, Inc.*, 2019 WL 5394848, at *2 (N.D. Cal. Oct. 22, 2019).

Here, that "preliminary peek" confirms that Defendants' motion to dismiss is potentially dispositive of the entire Complaint. "To plausibly plead a monopolization claim, plaintiffs must allege: (a) the possession of monopoly power in the relevant market; (b) the willful acquisition or maintenance of that power; and (c) causal antitrust injury." *In re Nat'l Football League's Sunday Ticket Antitrust Litig.*, 933 F.3d 1136, 1159 (9th Cir. 2019). Defendants' motion to dismiss demonstrates that the CAC fails on all three grounds, each of which provides independent grounds to

dismiss all claims.  *See* Mem. ISO Motion to Dismiss, Part I.A (failure to plausibly plead a relevant market); *id.*, Part I.C (failure to plausibly allege anticompetitive conduct); *id.*, Part I.B (failure to plead antitrust standing).  For the same reasons, Plaintiffs' UCL claim should be dismissed.  *Feitelson v. Google Inc.*, 80 F. Supp. 3d 1019, 1034 (N.D. Cal. 2015); *see also* Mem. ISO Motion to Dismiss, Part II.  Therefore, Defendants' motion to dismiss is potentially dispositive of the entire case.

## II.     Defendants' Motion To Dismiss Can Be Decided Without Additional Discovery.

The second prong of the test is satisfied if the pending motion "can be decided absent additional discovery."  *Reveal Chat*, 2020 WL 2843369, at *2.  Here, Defendants' motion to dismiss "is based solely on the allegations in the Complaint and does not raise any factual issues."  *Id.* at *4.  Defendants' arguments for dismissal, outlined above, "accept as true all well-pled factual allegations" in the CAC, *Reveal Chat Holdco, LLC v. Facebook, Inc.*, --- F. Supp. 3d ---, 2020 WL 3969064, at *2 (N.D. Cal. July 8, 2020), and raise questions of law that are dispositive of the lawsuit.  Because "the Court only needs to look at the pleadings in order to issue a decision about its motion to dismiss," the second prong is satisfied.  *Cellwitch*, 2019 WL 5394848, at *2.

## III.    Discovery Should Be Stayed Pending Resolution of the Motion To Dismiss.

Because Defendants have raised multiple potentially dispositive motion to dismiss arguments that can be decided without additional discovery, staying discovery "furthers the goal of efficiency for the court and the litigants."  *Huang v. Futurewei Techs., Inc.*, 2018 WL 1993503, at *4 (N.D. Cal. Apr. 27, 2018).  "'[S]taying discovery may be particularly appropriate in antitrust cases, where discovery tends to be broad, time-consuming and expensive.'"  *Reveal Chat*, 2020 WL 2843369, at *4 (quoting *In re Netflix Antitrust Litig.*, 506 F. Supp. 2d 308, 321 (N.D. Cal. 2007) (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 558 (2007))); *see also Rutman Wine Co. v. E. & J. Gallo Winery*, 829 F.2d 729, 738 (9th Cir. 1987) ("In antitrust cases . . . [i]t is sounder practice to determine whether there is any reasonable likelihood that plaintiffs can construct a claim before forcing the parties to undergo the expense of discovery.").

It is not uncommon for courts in this Circuit to stay discovery pending resolution of dispositive motions in antitrust lawsuits.  *See, e.g.*, *Reveal Chat*, 2020 WL 2843369, at *4; *Top Rank, Inc. v. Haymon*, 2015 WL 9952887, at *3 (C.D. Cal. Sept. 17, 2015); *In re Graphics Processing Units Antitrust Litig.*, 2007 WL 2127577, at *6 (N.D. Cal. July 24, 2007).  A stay of discovery pending resolution of the dispositive motion would not unduly prejudice Plaintiffs, and would allow the Court time to assess the merits of Plaintiffs' claims without subjecting Defendants to burdensome discovery in the interim.

## CONCLUSION

Defendants respectfully request that the Court stay discovery pending resolution of their motion to dismiss.

DATED:  November 9, 2020            **WILLIAMS & CONNOLLY LLP**

By: /s/ John E. Schmidtlein
John E. Schmidtlein (CA State Bar No. 163520)
Benjamin M. Greenblum (*pro hac vice*)
WILLIAMS & CONNOLLY LLP
725 Twelfth Street, N.W.
Washington, DC 20005
Telephone:  (202) 434-5000
Facsimile:  (202) 434-5029
Email:  jschmidtlein@wc.com
            bgreenblum@wc.com

*Attorneys for Defendants Google LLC and Alphabet Inc.*