John E. Schmidtlein, SBN 163520
Benjamin M. Greenblum (*pro hac vice*)
WILLIAMS & CONNOLLY LLP
725 Twelfth Street, N.W.
Washington, DC 20005
Telephone: (202) 434-5000
Facsimile: (202) 434-5029
Email: jschmidtlein@wc.com
Email: bgreenblum@wc.com

*Attorneys for Defendants*

**UNITED STATES DISTRICT COURT**

**NORTHERN DISTRICT OF CALIFORNIA**

**SAN JOSE DIVISION**

| IN RE GOOGLE DIGITAL ADVERTISING ANTITRUST LITIGATION | Case No. 20-cv-03556-BLF<br><br>**DEFENDANTS' ADMINISTRATIVE MOTION TO CONSIDER WHETHER CASES SHOULD BE RELATED**<br><br>Hon. Beth Labson Freeman |
|---|---|

Pursuant to Local Rule 3-12, Defendants Google LLC, Alphabet Inc., and YouTube, LLC ("Defendants") move to relate to the ongoing *In re Google Digital Advertising Antitrust Litigation* ("*Digital Ads Litigation*") a new action, *Sweepstakes Today, LLC v. Google, LLC, et al.*, No. 20-cv-08984-LB ("*Sweepstakes Today*") filed in this District. Rule 3-12(a) is satisfied because the named plaintiffs in the *Sweepstakes Today* action seek to represent a class that is subsumed within the putative class alleged in the *Digital Ads Litigation* and the plaintiffs assert similar claims based on similar factual allegations. Under these circumstances, allowing these cases to proceed separately would subject the parties and the Court to unduly burdensome duplication of labor and expense as well as potentially conflicting rulings—the very things that Rule 3-12(a) is designed to prevent.

**BACKGROUND**

Named plaintiffs in the *Digital Ads Litigation* are individuals and entities who allegedly purchased "advertising services" from Defendants in order to place online advertisements on publishers' websites, so-called display advertising. No. 20-cv-03556-BLF, ECF 52 ¶¶ 3, 8–23. They filed their initial complaint in May 2020, and claim injury from allegedly anticompetitive conduct in an alleged "market for online display advertising services," *i.e.*, "the overall system or process that connects online display advertisers and publishers," *id*. ¶ 183, which they say has harmed both advertisers and publishers, *id.* ¶ 129. The *Digital Ads Litigation* named plaintiffs seek to represent a putative class comprising of "[a]ll persons and entities in the United States that, from January 1, 2016 to the present, used Google's display advertising services to (1) place an ad on a website operated by another entity (advertisers) or (2) place an ad from a third party on their own website (publishers)." *Id*. ¶ 225.

In *Sweepstakes Today*, the named plaintiff is an online publisher that purportedly sold display advertising space on its website using Defendants' "advertising products and services." No. 20-cv-08984-LB, ECF 1 ¶¶ 15, 94, Ex. A. Sweepstakes Today alleges that it paid more than it should have for those display advertising services as a result of Defendants' supposed monopoly in the alleged "digital advertising chain that connects publishers and advertisers." *Id*. ¶ 8. According to Sweepstakes Today, by "representing both buyers (advertisers) and sellers (publishers), while also

being in control of the exchange (which sets the auction and pricing rules) through which they interact," Defendants have "affected the prices paid by advertisers and the amount ultimately received by the publishers, keeping a supra-competitive portion for itself." *Id*. Sweepstakes Today seeks to represent a class of all persons and entities "who sold digital advertising space at any time during the period from December 15, 2016 through the present," *id*. ¶ 194; that is, it seeks to bring a class on behalf of "publishers" already within the scope of the *Digital Ads Litigation* putative class, *Digital Ads Litigation* Amend. Compl. ¶ 225. *Compare also id.* ¶ 200 (describing "the spaces on websites that publishers make available for advertisers to purchase"); *Sweepstakes* Compl. ¶ 1 ("publishers [] make available and sell space on their website (or applications) to advertisers").[1]

The same allegations of anticompetitive conduct are made in the *Digital Ads Litigation* and *Sweepstakes Today* cases. Plaintiffs in both allege that Defendants: acquired alleged advertising-services rivals such as DoubleClick, AdMeld, and AdMob (*Digital Ads Litigation* Amend. Compl. ¶¶ 62, *Sweepstakes* Compl. ¶¶ 11, 68–74); broke promises to the Federal Trade Commission concerning the acquisition of DoubleClick (*Digital Ads Litigation* Amend. Compl. ¶ 68, *Sweepstakes* Compl. ¶ 71); impermissibly tied services or products (*Digital Ads Litigation* Amend. Compl. ¶¶ 119–21, *Sweepstakes* Compl. ¶¶ 137–38); imposed limitations on the sharing of their data and fees (*Digital Ads Litigation* Amend. Compl. ¶¶ 93, 112, *Sweepstakes* Compl. ¶¶ 135–36); unlawfully rebranded products as the Google Ad Manager (*Digital Ads Litigation* Amend. Compl. ¶ 76, *Sweepstakes* Compl. ¶ 140); engaged in monopoly "leveraging" (*Digital Ads Litigation* Amend. Compl. ¶ 134, *Sweepstakes* Compl. ¶¶ 163–65); undermined competition through the introduction of Accelerated Mobile Pages technology (*Digital Ads Litigation* Amend. Compl. ¶ 144, *Sweepstakes*

---

[1] Upon filing its complaint, Sweepstakes Today instead designated it related to the *Google Play Consumer Antitrust Litigation*, No. 20-cv-05761-JD, on the civil action cover sheet (attached as Ex. B). That case, however, concerns different alleged conduct, in different alleged markets, and on behalf of a different putative class. The Clerk appears to have declined that designation, assigning the case to Magistrate Judge Beeler rather than to Judge Donato, who is presiding over the *Google Play Consumer Antitrust Litigation*.

Compl. ¶ 109); denied interoperability to competitors (*Digital Ads Litigation* Amend. Compl. ¶¶ 135–36, *Sweepstakes* Compl. ¶¶ 111–13); designed platforms to operate "more efficiently" with their own advertising services (*Digital Ads Litigation* Amend. Compl. ¶ 137, *Sweepstakes* Compl. ¶ 114); responded anticompetitively to the alleged competitive threat of "header bidding" (*Digital Ads Litigation* Amend. Compl. ¶ 142, *Sweepstakes* Compl. ¶ 108); concealed pricing information (*Digital Ads Litigation* Amend. Compl. ¶ 146, *Sweepstakes* Compl. ¶ 136); phased third-party cookies out of their Chrome browser to force advertisers to use Defendants' services (*Digital Ads Litigation* Amend. Compl. ¶ 154, *Sweepstakes* Compl. ¶¶ 115); and charged supracompetitive prices to advertisers and paid subcompetitive prices to publishers (*Digital Ads Litigation* Amend. Compl. ¶ 214, *Sweepstakes* Compl. ¶ 8).[2]

## ARGUMENT

Under Local Rule 3-12(a), cases are related "when (1) [t]he actions concern substantially the same parties, property, transaction or event; and (2) [i]t appears likely that there will be an unduly burdensome duplication of labor and expense or conflicting results if the cases are conducted before different judges." Both requirements are satisfied here.

### I. *Digital Ads Litigation* and *Sweepstakes Today* Concern Substantially the Same Parties, Property, Transaction, or Event.

The two cases are related because they involve "substantially the same" parties, theories of harm, and claims for relief. L.R. 3-12(a).

***Same Parties.*** The proposed class in *Sweepstakes Today* is subsumed within the class pleaded in *Digital Ads Litigation*. In *Digital Ads Litigation*, the class is comprised of both advertisers and publishers, (*Digital Ads Litigation* Amend. Compl. ¶ 225), whereas Sweepstakes Today is a publisher (and so a member of the putative *Digital Ads Litigation* class) that seeks to represent a putative class of only publishers, *Sweepstakes* Compl. ¶¶ 2, 194. That the named

[2] The *Digital Ads Litigation* named plaintiffs consent to relation. Greenblum Decl. ¶ 3. Sweepstakes Today does not consent. *Id*. ¶ 2.

plaintiffs in the *Digital Ads Litigation* are themselves advertisers does not change the fact that they seek to represent the same publishers that Sweepstakes Today seeks to represent; nor does it change the fact that the same conduct is at issue. Absent relation, the two cases would proceed separately on behalf of the same group of publishers who allegedly were harmed by the same conduct. *See Zakinov v. Ripple Labs, Inc.*, 2020 WL 2768966, at *2 (N.D. Cal. May 28, 2020) (two actions "concern[ed] substantially the same parties" because "if the court were to certify [one] plaintiff's . . . class, [the other plaintiff] would be included among its membership").[3]

***Overlapping Allegations of Anticompetitive Conduct*****.** Plaintiffs in both actions premise their claims in substantial measure on the same alleged anticompetitive conduct. As detailed above, both allege that Defendants violated the antitrust laws by acquiring "ad tech" rivals, tying "ad tech" products, altering technological standards, and concealing information. *See Digital Ads Litigation* Amend. Compl. ¶¶ 62, 119–21, 144, 146; *Sweepstakes* Compl. ¶¶ 11, 45, 68–76, 109, 136–38; *supra*,

[3] In conferring on this motion, counsel to Sweepstakes Today pointed to a motion to dismiss that Defendants filed in *Inform Inc. v. Google LLC, et al.*, 19-cv-05362-JPB (N.D. Ga.). In that case, the plaintiff, Inform, is not itself a publisher or advertiser, but a "digital media advertising company that provides a platform of services to online publishers, content creators and online advertisers"; Inform nevertheless seeks to recover for injuries to what it alleges are "downstream digital publishers." *Id.*, ECF 1 ¶¶ 11, 126. So when Google's motion to dismiss (which was granted on alternative grounds, with leave to amend) argued that publishers were "better plaintiffs" to pursue those claims, the contrast drawn was between an alleged service provider such as Inform and "downstream publishers." That has no bearing whatsoever here. What matters instead to the relatedness issue before this Court is whether plaintiffs in the *Digital Ads Litigation* and in *Sweepstakes Today* both challenge the same conduct (they do) on behalf of putative classes that include the same publishers (they do).

at 2–3. Under these circumstances, there can be no doubt that allowing the cases to proceed separately would result in duplicative discovery and potentially conflicting legal rulings.

***Same Claims for Relief.*** Both groups of plaintiffs claim overcharge damages under federal antitrust law on behalf of a publisher class. *See Digital Ads Litigation* Amend. Compl. ¶¶ 245–51, Prayer for Relief; *Sweepstakes* Compl. ¶¶ 202–07, Prayer for Relief. The overlap in the claims brought and relief sought further support relation. *See JaM Cellars, Inc. v. Wine Grp. LLC*, 2020 WL 2322992, at *1 (N.D. Cal. May 11, 2020) (finding cases related in part because they "involve[d] . . . the same underlying legal claims").

## II. Conducting the Actions before Different Judges Would Result in Unduly Burdensome Duplication of Labor and Expense.

The second prong of Local Rule 3-12(a) is also satisfied. As explained above, the two actions "proffer[] materially identical allegations of misconduct . . . to support [their] theor[ies] of the case." *Zakinov*, 2020 WL 2768966, at *2. Discovery in the two actions, then, would necessarily overlap, imposing an undue burden of duplication of labor and expense on the parties in every aspect of the litigation if they proceed separately. And because the two cases "are currently in a similar procedural posture," as discovery has not begun in either, "efficiency gains [would likely] be achieved" by treating the matters as related. *Pepper v. Apple Inc.*, 2019 WL 4783951, at *2 (N.D. Cal. Aug. 22, 2019).

In addition, relating matters is appropriate to "avoid . . . conflicting results that might otherwise arise" if the cases were to proceed separately. *Zakinov*, 2020 WL 2768966, at *3. Given the already filed motion to dismiss in the *Digital Ads Litigation*, it is imperative that any similar motion in the *Sweepstakes Today* action be addressed by this Court. Likewise, were the actions to proceed past dispositive motions, given that plaintiffs in both actions intend to seek injunctive relief on behalf of the same publishers, having the matters proceed before separate courts could lead to conflicting orders applying to the same alleged conduct.

## CONCLUSION

For the foregoing reasons, the Administrative Motion should be granted.

DATED: December 22, 2020

**WILLIAMS & CONNOLLY LLP**

By: /s/ John E. Schmidtlein
John E. Schmidtlein, SBN 163520
Benjamin M. Greenblum (*pro hac vice*)
WILLIAMS & CONNOLLY LLP
725 Twelfth Street, N.W.
Washington, DC 20005
Telephone: (202) 434-5000
Facsimile: (202) 434-5029
Email: jschmidtlein@wc.com
Email: bgreenblum@wc.com

*Attorneys for Defendants*