John E. Schmidtlein, SBN 163520
Benjamin M. Greenblum (*pro hac vice*)
WILLIAMS & CONNOLLY LLP
725 Twelfth Street, N.W.
Washington, DC 20005
Telephone: (202) 434-5000
Facsimile: (202) 434-5029
Email: jschmidtlein@wc.com
Email: bgreenblum@wc.com

*Attorneys for Defendants*

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| IN RE GOOGLE DIGITAL ADVERTISING ANTITRUST LITIGATION | Case No. 20-cv-03556-BLF<br><br>**DEFENDANTS' ADMINISTRATIVE MOTION TO CONSIDER WHETHER CASES SHOULD BE RELATED**<br><br>Hon. Beth Labson Freeman |

1    Pursuant to Civil Local Rule 3-12, Defendants Google LLC, Alphabet Inc., and YouTube,
2    LLC ("Defendants") move to relate to the ongoing *In re Google Digital Advertising Antitrust*
3    *Litigation* ("*Digital Ads Litigation*") a new action, *Genius Media Group, Inc., et al., v. Google, LLC,*
4    *et al.*, No. 20-cv-09092-DMR ("*Genius Media*") filed in this district.
5    Defendants filed with the Court earlier today an Administrative Motion to Relate another
6    matter, *Sweepstakes Today, LLC v. Google, LLC, et al.*, No. 20-cv-08984-LB, to the *Digital Ads*
7    *Litigation*.  *See* No. 20-cv-03556-BLF, ECF 55.  As with that case, Rule 3-12(a) is satisfied here
8    because the *Genius Media* named plaintiffs seek to represent a class that is subsumed within the
9    putative class alleged in the *Digital Ads Litigation* and the plaintiffs assert similar claims based on
10   similar factual allegations.  Under these circumstances, allowing these cases to proceed separately
11   would subject the parties and the Court to unduly burdensome duplication of labor and expense as
12   well as potentially conflicting rulings—the very things that Rule 3-12(a) is designed to prevent.
13   The *Digital Ads Litigation* named plaintiffs consent to relation.  Greenblum Decl. ¶ 3.  The
14   *Genius Media* named plaintiffs marked the matter related to the *Sweepstakes Today* action, No. 20-
15   cv-09092-DMR, ECF 4, and have declined to consent to relation to the *Digital Ads Litigation*,
16   Greenblum Decl. ¶ 2.  Defendants agree that the *Genius Media* and *Sweepstakes Today* matters are
17   related to one another, and for the same reasons, contend that both are related to the *Digital Ads*
18   *Litigation* such that this motion should be granted.

19                                              **BACKGROUND**

20   Named plaintiffs in the *Digital Ads Litigation* are individuals and entities who allegedly
21   purchased "advertising services" from Defendants in order to place online advertisements on
22   publishers' websites, so-called display advertising.  No. 20-cv-03556-BLF, ECF 52 ¶¶ 3, 8–23.
23   They filed their initial complaint in May 2020, and claim injury from allegedly anticompetitive
24   conduct in an alleged "market for online display advertising services," *i.e.*, "the overall system or
25   process that connects online display advertisers and publishers," *id*. ¶ 183, which they say has
26   harmed both advertisers and publishers, *id*. ¶ 129.  The *Digital Ads Litigation* named plaintiffs seek
27   to represent a putative class comprising of "[a]ll persons and entities in the United States that, from
28

January 1, 2016 to the present, used Google's display advertising services to (1) place an ad on a website operated by another entity (advertisers) or (2) place an ad from a third party on their own website (publishers)." *Id.* ¶ 225.

In *Genius Media*, the named plaintiffs are three online publishers that all allegedly used Defendants' display advertising products—including what plaintiffs call Defendants' "Ad Server," "Ad Exchange," and "Ad Network"—"to sell advertising space on [their] website[s]." No. 20-cv-09092-DMR, ECF 1 ¶¶ 12–14 ("*Genius Media* Compl.," Exhibit A hereto).  The *Genius Media* plaintiffs allege that they "received reduced revenues" and "suffered economic damage" as a result of Defendants' alleged monopoly in the markets for "Ad Servers, Ad Exchanges, and Ad Networks," part of the so-called "open display advertising marketplace." *Id.* ¶¶ 12–14, 76, 82.  They seek to represent classes of "[a]ll persons that received revenue from Google for displaying advertisements using Google's Ad Exchange services" and that "received revenue from Google for displaying advertisements using Google's Ad Network services," *id.* ¶ 101, that is, they seek to bring classes on behalf of "publishers" already within the scope of the *Digital Ads Litigation* putative class, *Digital Ads Litigation* Amend. Compl. ¶ 225.  *Compare also id.* ¶ 200 (describing "the spaces on websites that publishers make available for advertisers to purchase"), *with Genius Media* Compl. ¶ 30 (describing "[p]ublishers who . . . sell display advertising space on their webpages").

The same allegations of anticompetitive conduct are made in the *Digital Ads Litigation* and *Genius Media* complaints.  For example, plaintiffs in both allege that Defendants: impermissibly tied services or products (*Digital Ads Litigation* Amend. Compl. ¶¶ 119–21, *Genius Media* Compl. ¶¶ 60–63); engaged in monopoly "leveraging" (*Digital Ads Litigation* Amend. Compl. ¶ 134, *Genius Media* Compl. ¶ 85); interfered with competitors' header-bidding functions (*Digital Ads Litigation* Amend. Compl. ¶ 142, *Genius Media* Compl. ¶¶ 54–56); and charged supracompetitive prices to advertisers and paid subcompetitive prices to publishers (*Digital Ads Litigation* Amend. Compl. ¶ 214, *Genius Media* Compl. ¶ 93).

**ARGUMENT**

Under Local Rule 3-12(a), cases are related "when (1) [t]he actions concern substantially the same parties, property, transaction or event; and (2) [i]t appears likely that there will be an unduly burdensome duplication of labor and expense or conflicting results if the cases are conducted before different judges." Both requirements are satisfied here.

**I.     *Digital Ads Litigation* and *Genius Media* Concern Substantially the Same Parties, Property, Transaction, or Event.**

The two cases are related because they involve "substantially the same" parties, theories of harm, and claims for relief. L.R. 3-12(a).

***Same Parties.*** The proposed classes in *Genius Media* are subsumed within the class pleaded in *Digital Ads Litigation*. In *Digital Ads Litigation*, the class is comprised of both advertisers and publishers (*Digital Ads Litigation* Amend. Compl. ¶ 225), whereas the *Genius Media* plaintiffs are publishers (and so members of the putative *Digital Ads Litigation* class) that seek to represent putative classes of only publishers, *Genius Media* Compl. ¶¶ 12–14, 101. That the named plaintiffs in *Digital Ads Litigation* are themselves advertisers does not change the fact that they seek to represent the same publishers that the *Genius Media* plaintiffs seek to represent; nor does it change the fact that the same conduct is at issue. Absent relation, the two cases would proceed separately on behalf of the same group of publishers who allegedly were harmed by the same conduct. *See Zakinov v. Ripple Labs, Inc.*, 2020 WL 2768966, at *2 (N.D. Cal. May 28, 2020) (two actions "concern[ed] substantially the same parties" because "if the court were to certify [one] plaintiff's . . . class, [the other plaintiff] would be included among its membership").

***Overlapping Allegations of Anticompetitive Conduct.*** Plaintiffs in both actions premise their claims in substantial measure on the same alleged anticompetitive conduct. As detailed above, both allege that Defendants violated the antitrust laws by tying display advertising products, leveraging market share, and interfering with competitors' services. *See Digital Ads Litigation* Amend. Compl. ¶¶ 119–21, 134, 142; *Genius Media* Compl. ¶¶ 54–56, 60–63, 85; *supra*, at 2. Under these

1   circumstances, there can be no doubt that allowing the cases to proceed separately would result in
2   duplicative discovery and potentially conflicting legal rulings.
3      ***Same Claims for Relief.***  Both groups of plaintiffs claim overcharge damages under federal
4   antitrust law on behalf of a publisher class.  *See Digital Ads Litigation* Amend. Compl. ¶¶ 245–51,
5   Prayer for Relief; *Genius Media* Compl. ¶¶ 111–16, Prayer for Relief.  The overlap in the claims
6   brought and relief sought further support relation.  *See JaM Cellars, Inc. v. Wine Grp. LLC*, 2020
7   WL 2322992, at *1 (N.D. Cal. May 11, 2020) (finding cases related in part because they "involve[d]
8   . . . the same underlying legal claims").
9     **II.**  **Conducting the Actions before Different Judges Would Result in Unduly**
10       **Burdensome Duplication of Labor and Expense.**
11     The second prong of Local Rule 3-12(a) is also satisfied.  As explained above, the two
12  actions "proffer[] materially identical allegations of misconduct . . . to support [their] theor[ies] of
13  the case."  *Zakinov*, 2020 WL 2768966, at *2.  Discovery in the two actions, then, would necessarily
14  overlap, imposing an undue burden of duplication of labor and expense on the parties in every aspect
15  of the litigation if they proceed separately.  And because the two cases "are currently in a similar
16  procedural posture," as discovery has not begun in either, "efficiency gains [would likely] be
17  achieved" by treating the matters as related.  *Pepper v. Apple Inc.*, 2019 WL 4783951, at *2 (N.D.
18  Cal. Aug. 22, 2019).
19     In addition, relating matters is appropriate to "avoid . . . conflicting results that might
20  otherwise arise" if the cases were to proceed separately.  *Zakinov*, 2020 WL 2768966, at *3.  Given
21  the already filed motion to dismiss in the *Digital Ads Litigation*, it is imperative that any similar
22  motion in the *Genius Media* action be addressed by this Court.  Likewise, were the actions to
23  proceed past dispositive motions, given that plaintiffs in both actions intend to seek injunctive relief
24  on behalf of the same publishers, having the matters proceed before separate courts could lead to
25  conflicting orders applying to the same alleged conduct.
26           **CONCLUSION**
27     For the foregoing reasons, the Administrative Motion should be granted.
28

| | | |
|---|---|---|
| 1 | | |
| 2 | DATED:  December 22, 2020 | **WILLIAMS & CONNOLLY LLP** |
| 3 | | By: /s/ John E. Schmidtlein |
| 4 | | John E. Schmidtlein, SBN 163520 |
| | | Benjamin M. Greenblum (*pro hac vice*) |
| 5 | | WILLIAMS & CONNOLLY LLP |
| | | 725 Twelfth Street, N.W. |
| 6 | | Washington, DC 20005 |
| 7 | | Telephone:  (202) 434-5000 |
| | | Facsimile:  (202) 434-5029 |
| 8 | | Email:  jschmidtlein@wc.com |
| | | Email:  bgreenblum@wc.com |
| 9 | | |
| 10 | | *Attorneys for Defendants* |

- 5 -