1  ROBBINS GELLER RUDMAN
   & DOWD LLP
2  DANIEL J. PFEFFERBAUM (248631)
Post Montgomery Center
3  One Montgomery Street, Suite 1800
San Francisco, CA  94104
4  Telephone:  415/288-4545
415/288-4534 (fax)
5  dpfefferbaum@rgrdlaw.com
      – and –
6  DAVID W. MITCHELL (199706)
STEVEN M. JODLOWSKI (239074)
7  655 West Broadway, Suite 1900
San Diego, CA  92101
8  Telephone:  619/231-1058
619/231-7423 (fax)
9  davidm@rgrdlaw.com
sjodlowski@rgrdlaw.com
10
   Attorneys for Plaintiff
11
   [Additional counsel appear on signature page.]
12
                  UNITED STATES DISTRICT COURT
13
              NORTHERN DISTRICT OF CALIFORNIA
14
                     SAN JOSE DIVISION
15

| | |
|---|---|
| IN RE GOOGLE DIGITAL ADVERTISING ANTITRUST LITIGATION | Case No. 20-cv-03556-BLF |
| | **PLAINTIFF SWEEPSTAKES TODAY, LLC'S OPPOSITION TO GOOGLE'S ADMINISTRATIVE MOTION TO RELATE** |
| | Hon. Beth Labson Freeman |

16  IN RE GOOGLE DIGITAL ADVERTISING
ANTITRUST LITIGATION
                       )
17                            )
18                            )
19
20
21
22
23
24
25
26
27
28

4834-3643-0037.v1

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

## I.     INTRODUCTION

Pursuant to Civil Local Rule 3-12(e), Plaintiff Sweepstakes Today, LLC hereby opposes the motion of Google LLC ("Google") to relate its complaint[1] ("*Publisher*" or "*Sweepstakes*" case), pending before another court in this District, to the *Digital Advertising Litigation* before this Court ("*Digital Advertising*" case).  The two litigations do not concern substantially the same parties, present different factual and legal issues, involve different claims and distinct harm, and will proceed most efficiently if conducted separately.  Local Rule 3-12(a)'s requirements for relation are therefore not met.  The motion should be denied.

## II.    ARGUMENT

Civil Local Rule 3-12(a) provides that a matter is related to another when two conditions are met.  First, the actions must "concern substantially the same parties, property, transaction or event."  And, second, it must "appear[ ] likely that there will be an unduly burdensome duplication of labor and expense or conflicting results if the cases are conducted before different Judges."  Civil L.R. 3-12(a)(1)-(2).  Here, neither condition is satisfied.

### A.    The *Publisher* and *Digital Advertising* Cases Do Not Meet the Substantial Similarity Threshold

*Different Parties*.  *Sweepstakes* is an action brought by a publisher on behalf of publishers. In contrast, *Digital Advertising* is brought by advertisers – ***none of whom is alleged to be a publisher***.  ECF No. 52, ¶¶8-10.

Google argues that the cases should be related because they concern the "same" parties. Defendants' Administrative Motion to Consider Whether Cases Should Be Related (ECF No. 55) ("Motion" or "Mot.") at 3.  But advertisers and publishers are, in fact, different groups with different relationships to Google, as they function on opposite ends of the advertising market and serve different roles within that (and other) markets.

---

[1]    The "*Publisher*" or "*Sweepstakes*" case refers to *Sweepstakes Today, LLC v. Google LLC, et al.*, No. 3:20-cv-08984 (N.D. Cal.).  "ST CPT" refers to ECF No. 1 of *Sweepstakes*, filed December 15, 2020.

1    Advertisers are buyers, who pay to place their ads.  ECF No. 52, ¶43; ST CPT, ¶¶24-32, 84.

2    Publishers, on the other hand, are sellers, and provide or sell white space (or inventory) to

3    advertisers.  Publishers get paid by the advertisers when they integrate advertisements into their

4    online content on their website or applications.  ECF No. 52, ¶42; ST CPT, ¶¶24-32.  Between them

5    are a host of intermediaries, which provide the services linking advertisers to publishers.  ECF No.

6    52, ¶¶42-44; ST CPT, ¶84.  Because they operate at different ends of the market, advertisers and

7    publishers are situated differently in relation to Google in at least two important respects: (i) when

8    Google provides intermediation services, Google acts as a *seller* for the publisher, helping the

9    publisher find advertising and sell their inventory of white space, while at the same time acting as a

10   *buyer* for the advertiser, who is looking to bid on, organize and buy inventory from publishers, and

11   (ii) when Google sells ad space, Google acts as a *competitor* to publishers, whereby both Google and

12   the publishers are competing to sell their white space to the *customer* advertisers.

13   As Google has repeatedly pointed out in filings with this Court, and in other matters, these

14   are not idle differences under the antitrust laws: they affect the type of evidence needed to prove

15   each group's claims, and how each group's claims will be analyzed.  Google has repeatedly

16   highlighted these differences.  In moving to dismiss the advertisers' claims, for example, Google

17   characterized publishers and advertisers as "Different Customers [with] Different Purposes," and

18   argued that advertisers are without standing to represent publishers in the market for online display

19   advertising services.  ECF No. 41 at 5; *id*. (also arguing that advertisers and publishers perform

20   "'distinct'" roles in the advertising markets); *id*. at 3 (contrasting the role and claims of publishers

21   and advertisers); *see also* Ex. 1 at 11[2] (distinguishing publishers as "unquestionably [the] better

22   plaintiffs to bring suit" based on Google's anticompetitive conduct, as they were "directly

23   impacted").

24   The putative classes in each case would likely be significantly different, if not wholly

25   separate from each other.  Although Google contends that the *Publisher* class is "subsumed" within

---

[2]   All "Ex. ___" refer to the Declaration of Steven M. Jodlowski in Support of Plaintiff Sweepstakes
Today, LLC's Opposition to Google's Administrative Motion to Relate, filed concurrently herewith.

1   the *Digital Advertising* class, Motion at 1, there is only partial overlap with the *Publisher* class.  The

2   *Publisher* case seeks to represent "[a]ll persons and entities who sold digital advertising space."  ST

3   CPT, ¶194.  The *Digital Advertising* class applies only to direct Google customers and excludes, for

4   example, publishers who served ads placed through non-Google auctions or via direct agreement

5   with an advertiser.  This alone is enough to deny relation.  *Ortiz v. CVS Caremark Corp.*, 2013 WL

6   12175002, at *2 (N.D. Cal. Oct. 15, 2013) (denying motion to relate cases because one class was

7   made up of all California CVS pharmacy employees, exempt and non-exempt, and the other class

8   was made up of all California non-exempt CVS employees because "the limited overlap of some

9   class members is not enough to reach the 'substantial similarity' threshold").[3]

10      **Different Harms**.  Because each action is focused on seeking redress for different groups and

11  different conduct by Google, the theories of harm also differ.  Google tries to convince this Court

12  that both cases seek the same type of damages, Motion at 5, but this is not true.  In the *Digital

13  Advertising* case, plaintiffs allege that the fees paid by advertisers to Google for intermediation

14  services were too high.  ECF No. 52, ¶¶13, 18, 22.  However, in the *Publisher* case, plaintiff alleges

15  that publishers lost ad revenue and received less than competitive rates for their ad inventory (or

16  white space) when Google depressed bids and payments to publishers for placing ads on their

17  websites or applications, steered ads to its own Google-owned properties, and steered users to

18  Google content and away from publishers' websites.  ST CPT, ¶¶184-193.  A determination that

19  publishers were harmed by lost revenue that went into Google's own coffers would not, then, mean

20  that advertisers were also harmed, or *vice versa*.

21      **Different Markets**.  Defining the relevant market is an important initial inquiry in an antitrust

22  case because it is the market within which the monopoly or attempted monopoly is to be measured.

23  *See* 2b Phillip E. Areeda & Herbert Hovenkamp, Antitrust Law, in 500, 531a, 531e (4th ed. 2014).

24  Google nevertheless elides over the differences between the markets defined in each case.  The

25  *Digital Advertising* case focuses on a narrow market of the ad technology "services" that link

---

[3]   Indeed, Google has argued to this Court that the advertiser plaintiffs lack standing to represent publishers, and in light of the differences in their claims, allowing them to do so may raise conflict issues.  ECF No. 41.

1 advertisers and publishers, which Google maintains is an inappropriate collection of products and

2 services that do not collectively constitute a single relevant market.  ECF No. 52, ¶183; ECF No. 41

3 at 5.  The *Publisher* case, meanwhile, alleges harm flowing from anticompetitive abuses not only in

4 the broader digital advertising market, but also abuses in the general search, search advertising,

5 mobile operating systems and web browser markets.  *See, e.g*., ST CPT, ¶¶78, 163-172.  Any

6 definition findings as to these markets are likely to have little relevance to the market definition in

7 the *Digital Advertising* case.  By way of example, Google argues that in the *Digital Advertising* case,

8 advertisers have other options to place their ads elsewhere, such as in print, TV, radio or billboard

9 ads.  Online publishers, by contrast, can only sell their inventory online.  Litigating the contours of

10 these markets, as well as the anticompetitive conduct and the harm that flows therefrom, is not

11 already covered by the *Digital Advertising* case, and thus there are no redundancies to be avoided

12 through relation.

13     ***Unique Claims***.  Both cases also include claims unique to their case that will require

14 litigation and factual and legal analyses not covered by the other case.  The *Digital Advertising* case

15 brings consumer protection claims under California state law, while the *Publisher* case does not.

16 ECF No. 52, ¶¶245-251.  And unlike the *Digital Advertising* case, the *Publisher* case brings claims

17 under §3 of the Clayton Act.  ST CPT, ¶¶238-245.

18     ***Anticompetitive Conduct***.  Google also believes that the actions qualify as related because

19 they are premised on similar anticompetitive misconduct.  Mot. at 2-3.  But this similarity ignores

20 the legal and practical realities and analytic framework that will be necessary to evaluate each

21 group's claims given their respective roles in the advertising markets.

22     In evaluating issues such as antitrust standing, impact and damages, courts look to, for

23 example, the markets in which the harm occurred, whether the plaintiff was a competitor of the

24 monopolist, plaintiff's role in the market(s), and the relationship between the alleged harm and the

25 anticompetitive matters.  But as noted above, due to the differences between the *Publisher* and

26 *Digital Advertising* cases, these analyses in the two matters will demand different analyses, proof,

27 and economic experts.  In such circumstances, allowing the *Sweepstakes* case to remain before

28

1    another judge will not result in "an unduly burdensome duplication of labor and expense or

2    conflicting results." Civil L.R. 3-12(a)(2) (requiring that burdensome duplication and conflicting

3    results be "likely").

4          For these reasons, it is not uncommon in cases involving far-reaching monopolies for similar

5    conduct to injure many different groups, and for each of those groups to proceed before different

6    courts. *See Apple Inc. v. Pepper*, _U.S._, 139 S. Ct. 1514, 1525 (2019) ("Apple's alleged

7    anticompetitive conduct may leave Apple subject to multiple suits by different plaintiffs. . . .

8    Multiple suits are not atypical . . . ."). Google is a prime example. Many cases have been filed

9    against it by groups of consumers, advertisers and developers who challenge Google's monopolies,

10    and those cases are pending in various courts. Google nevertheless is actively opposing the relation

11    or consolidation of the various cases – again, citing the differences between the various plaintiff

12    groups and their respective claims. *See, e.g.*, Exs. 2, 3. Casting the overlap between the cases at

13    such a high level, as Google has done here, is meaningless for relation under Rule 3-12, which

14    requires more.

15         **B.    Separate Proceedings Pose Neither a Risk of Unduly Burdensome Duplication of Labor and Expense Nor Will Result in Conflicting Judgments**

16

17          Given the differences in parties, harm, and markets at issue, separate proceedings pose no

18    risk of unduly burdensome duplication of labor or conflicting judgments. There is no material

19    overlap here, and whatever commonalities that exist between the two actions, they do not meet the

20    standard for relation under Rule 3-12(a)(2). *Tecson v. Lyft, Inc.*, 2019 WL1903263, at *3 (N.D. Cal.

21    Apr. 29, 2019) (although two cases against same defendant under same statute "concern[ed] . . . text

22    messages sent without recipients' consent," and thus posed "common questions of law and fact,"

23    "th[o]se parallels d[id] not suffice to meet the substantial similarity threshold") (citations omitted).[4]

24    **III.    CONCLUSION**

25          The Motion to relate should be denied.

---

26    [4]    Since the *Sweepstakes* case was filed, at least two additional cases have been filed on behalf of

27    publisher classes in this District. *See Genius Media Grp., Inc., et al. v. Alphabet, Inc., et al.*, No. 5:20-cv-09092; *Sterling Int'l Consulting Grp. v. Google, LLC*, No. 5:20-CV-09321.

28

1   DATED:  December 28, 2020            Respectfully submitted,

2                                        ROBBINS GELLER RUDMAN
                                           & DOWD LLP
3                                        ROBBINS GELLER RUDMAN
                                           & DOWD LLP
4                                        DAVID W. MITCHELL
                                         STEVEN M. JODLOWSKI
5

6

7                                                DAVID W. MITCHELL

8                                        655 West Broadway, Suite 1900
                                         San Diego, CA  92101-8498
9                                        Telephone:  619/231-1058
                                         619/231-7423 (fax)
10                                       davidm@rgrdlaw.com
                                         sjodlowski@rgrdlaw.com
11
                                         DANIEL J. PFEFFERBAUM
12                                       Post Montgomery Center
                                         One Montgomery Street, Suite 1800
13                                       San Francisco, CA  94104
                                         Telephone:  415/288-4545
14                                       415/288-4534 (fax)
                                         dpfefferbaum@rgrdlaw.com
15
                                         HERMAN JONES LLP
16                                       JOHN C. HERMAN
                                         3424 Peachtree Road, N.E., Suite 1650
17                                       Atlanta, GA  30326
                                         Telephone:  404/504-6555
18                                       404/504-6501 (fax)
                                         jherman@hermanjones.com
19
                                         Attorneys for Plaintiff
20

21

22

23

24

25

26

27

28
                                        - 6 -
        PLAINTIFF SWEEPSTAKES TODAY, LLC'S OPPOSITION TO GOOGLE'S ADMINISTRATIVE MOTION TO RELATE -
                                     20-cv-03556-BLF
        4834-3643-0037.v1

1

CERTIFICATE OF SERVICE

2       I hereby certify under penalty of perjury that on December 28, 2020, I authorized the

3   electronic filing of the foregoing with the Clerk of the Court using the CM/ECF system which will

4   send notification of such filing to the e-mail addresses on the attached Electronic Mail Notice List,

5   and I hereby certify that I caused the mailing of the foregoing via the United States Postal Service to

6   the non-CM/ECF participants indicated on the attached Manual Notice List.

7                                                  s/ DAVID W. MITCHELL
                                                   DAVID W. MITCHELL
8
                                                   ROBBINS GELLER RUDMAN
9                                                    & DOWD LLP
                                                   655 West Broadway, Suite 1900
10                                                 San Diego, CA  92101-8498
                                                   Telephone:  619/231-1058
11                                                 619/231-7423 (fax)

12                                                 E-mail:  dmitchellp@rgrdlaw.com

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

PLAINTIFF SWEEPSTAKES TODAY, LLC'S OPPOSITION TO GOOGLE'S ADMINISTRATIVE MOTION TO RELATE -
20-cv-03556-BLF

4834-3643-0037.v1

## Mailing Information for a Case 5:20-cv-03556-BLF In re Google Digital Advertising Antitrust Litigation

**Electronic Mail Notice List**

The following are those who are currently on the list to receive e-mail notices for this case.

- **Jordan S. Elias**
  jelias@girardsharp.com,avongoetz@girardsharp.com

- **Benjamin M Greenblum**
  bgreenblum@wc.com

- **Scott M. Grzenczyk**
  scottg@girardsharp.com,avongoetz@girardsharp.com

- **David H. Kramer**
  dkramer@wsgr.com,dgrubbs@wsgr.com

- **Theodore Walter Maya**
  tmaya@ahdootwolfson.com,twolfson@ahdootwolfson.com,tmayalaw@gmail.com,bking@ahdootwolfson.com,filings@ahdootwolfson.com

- **Adam E. Polk**
  apolk@girardsharp.com,ssandeen@girardsharp.com,avongoetz@girardsharp.com,cdooley@girardsharp.com

- **John Edward Schmidtlein**
  jschmidtlein@wc.com

- **Christina C. Sharp**
  dsharp@girardsharp.com,avongoetz@girardsharp.com,cdooley@girardsharp.com

- **Christopher Eric Stiner**
  cstiner@ahdootwolfson.com

- **Tina Wolfson**
  twolfson@ahdootwolfson.com,rjohnson@ahdootwolfson.com,bking@ahdootwolfson.com,filings@ahdootwolfson.com,pmarc@ahdootwolfson.com,cstiner@ahdootwo

**Manual Notice List**

The following is the list of attorneys who are **not** on the list to receive e-mail notices for this case (who therefore require manual noticing). You may wish to use your mouse to select and copy this list into your word processing program in order to create notices or labels for these recipients.

- (No manual recipients)