John E. Schmidtlein, SBN 163520
Benjamin M. Greenblum (*pro hac vice*)
WILLIAMS & CONNOLLY LLP
725 Twelfth Street, N.W.
Washington, DC 20005
Telephone: (202) 434-5000
Facsimile: (202) 434-5029
Email: jschmidtlein@wc.com
Email: bgreenblum@wc.com

*Attorneys for Defendants*

# UNITED STATES DISTRICT COURT

# NORTHERN DISTRICT OF CALIFORNIA

# SAN JOSE DIVISION

| | |
|---|---|
| IN RE GOOGLE DIGITAL ADVERTISING ANTITRUST LITIGATION | Case No. 20-cv-3556-BLF<br><br>**DEFENDANTS' STATEMENT REGARDING CONSOLIDATION**<br><br>Hon. Beth Labson Freeman |
| SWEEPSTAKES TODAY, LLC<br>　　　　Plaintiff,<br>　　v.<br>GOOGLE LLC, et al.,<br>　　　　Defendants. | Case No. 20-cv-8984-BLF |
| GENIUS MEDIA GROUP, INC., et al.<br>　　　　Plaintiffs,<br>　　v.<br>ALPHABET, INC, et al.,<br>　　　　Defendants. | Case No. 20-cv-9092-BLF |

| | |
|---|---|
| STERLING INTERNATIONAL CONSULTING GROUP, <br>     Plaintiff, <br>   v. <br> GOOGLE LLC, <br>     Defendant. | Case No. 20-cv-9321-BLF |
| MARK J. ASTARITA, <br>     Plaintiff, <br>   v. <br> GOOGLE LLC, et al., <br>     Defendants. | Case No. 21-cv-0022-BLF |

|  |  |
|---|---|
| 1 | Pursuant to the Court's Order Setting Case Management Conference for February 4, 2021 |
| 2 | (ECF 70), Defendants Google LLC, Alphabet Inc., and YouTube, LLC hereby submit the following |
| 3 | statement concerning consolidation of the five above-captioned actions. |

**I. PROCEDURAL BACKGROUND**

The four putative class actions that were the subject of the Court's January 21, 2021 Relation Order (ECF 68) were filed within the last two months by plaintiffs who characterize themselves as display advertising "publishers": *Sweepstakes Today, LLC v. Google LLC*, No. 20-cv-8984-BLF ("*Sweepstakes Today*"); *Genius Media Group, Inc. v. Alphabet Inc.*, No. 20-cv-9092-BLF ("*Genius Media*"); *Sterling International Consulting Group v. Google LLC*, No. 20-cv-9321-BLF ("*Sterling*"); and *Astarita v. Google LLC*, No. 21-cv-0022-BLF ("*Astarita*"). All four of those actions have now been related to *In re Google Digital Advertising Antitrust Litigation*, No. 20-cv-3556-BLF ("*Digital Ads Litigation*"). As Defendants explained in their relation motions, the *Digital Ads Litigation* differs insofar as the named plaintiffs are "advertisers" rather than "publishers," but in other respects the complaints allege substantially similar conduct and seek to certify classes that include display advertising "publishers." *See, e.g.*, *Digital Ads Litigation*, ECF 61.

On January 27, counsel for the plaintiffs in *Sweepstakes Today*, *Genius Media*, and *Sterling* indicated to Defendants that they will seek to consolidate only their complaints, whereas counsel for the plaintiffs in *Astarita* indicated that they are amenable to a single consolidated publisher complaint on behalf of all four publisher plaintiffs. While the plaintiffs do not agree on the extent of consolidation amongst their four complaints, all agreed to hold in abeyance deadlines to answer or move to dismiss their respective complaints pending resolution of these issues.

**II. THE FOUR "PUBLISHER PLAINTIFFS" SHOULD FILE A CONSOLIDATED AMENDED COMPLAINT**

Defendants respectfully submit that the four "publisher plaintiffs" (*i.e.*, the plaintiffs in *Sweepstakes Today*, *Genius Media*, *Sterling*, and *Astarita*) should file a single consolidated amended complaint after appointment of interim class counsel pursuant to Rule 23(g)(3). Defendants take no position on the selection of lead counsel, and simply seek an orderly process by which to respond to

- 1 -

DEFENDANTS' STATEMENT REGARDING CONSOLIDATION
20-CV-03556-BLF

one consolidated amended complaint from these four "publisher plaintiffs." Whenever the "publisher plaintiffs" file such a consolidated amended complaint, Defendants are prepared to respond within 45 days of its filing. In the meantime, as noted above, all four of the "publisher plaintiffs" have agreed that Defendants' deadlines to respond to their individual complaints should be vacated.[1] Additionally, in light of the overlap in allegations between the pending First Amended Complaint in the *Digital Ads Litigation* (ECF 52) and the various "publisher" complaints—as set forth in the motions to relate each of the four latter cases to the *Digital Ads Litigation*—Defendants respectfully submit that the consolidated amended complaint to be filed by the "publisher plaintiffs" should be consolidated, at least for pretrial purposes, with the *Digital Ads Litigation*, pursuant to Rule 42(a).

Defendants understand that counsel for *Sweepstakes Today, Genius Media*, and *Sterling* will advocate filing a consolidated amended complaint on behalf of the plaintiffs in those three actions while leaving *Astarita* as a standalone "publisher action." That proposal should be rejected. Mr. Astarita alleges that he is a "publisher" who received payments from Google for making "advertising space available" on his website, and he seeks to certify a class that includes persons who "used Google's display advertising services to … place an ad from a third party on their own website (publishers)." *Astarita*, ECF 1 ¶¶ 8–10, 211. Based on the allegations in the complaints, it is beyond dispute that the plaintiffs in the other three "publisher actions" would be members of Mr. Astarita's proposed class, and that he would be a member of their putative classes. Although there are some differences between Mr. Astarita's complaint and the other three "publisher" complaints, those differences are no more or less meaningful than the distinctions among those three other "publisher" complaints. For example, Sweepstakes Today's proposed class purports to include "[a]ll persons and entities who sold digital advertising space" regardless whether they used a Google product or service to do so, *Sweepstakes Today*, ECF 1 ¶ 194, while the other plaintiffs' proposed classes are limited to

---

[1] The earliest of the four response deadlines presently in place is February 16, and the latest is March 5. *See Sweepstakes Today*, ECF 11; *Genius Media*, ECF 63; *Sterling*, ECF 15; *Astarita*, ECF 5.

1  "publishers" that used a Google product or service.  *See Genius Media*, ECF 1 ¶ 101; *Sterling*, ECF 1 ¶ 172.  Despite that distinction, Sweepstakes Today has argued that its case should be consolidated with *Genius Media* and *Sterling* because "all three complaints allege substantially similar claims under the Sherman Antitrust Act by a similarly defined class of digital publishers." *Sweepstakes Today*, ECF 24 at 4.  The same logic leads to the ineluctable conclusion that *Astarita* should be consolidated with these other three "publisher actions."

Consolidation of all four "publisher actions" unquestionably furthers "[t]he purpose of consolidation" by "avoid[ing] the unnecessary costs or delays that would ensue from proceeding separately with claims or issues sharing common aspects of law or fact." *Siegall v. Tibco Software, Inc.*, 2006 WL 1050173, at *2 (N.D. Cal. Feb. 24, 2006).  If *Astarita* proceeds separately, then the parties and the Court will be forced to address many of the same legal issues twice, including whether the same conduct alleged by both groups of "publishers" is sufficient to state a claim under the antitrust laws.  *See, e.g.*, *Deinnocentis v. Dropbox, Inc.*, 2020 WL 264408, at *2 (N.D. Cal. Jan. 16, 2020) (consolidating actions that "arise from the same facts and circumstances" and "involve the same subject matter and the same class" because "the same discovery and similar class certification issues will be relevant to all related actions").

## III. CONCLUSION

For these reasons, Defendants respectfully submit that the Court should enter an order (i) directing the plaintiffs in *Sweepstakes Today*, *Genius Media*, *Sterling*, and *Astarita* to file a single consolidated amended complaint; (ii) vacating Defendants' deadlines to respond to the individual complaints filed in those four actions and directing Defendants to respond to the consolidated amended complaint within 45 days of its filing; and (iii) consolidating the resulting single "publisher" case with the ongoing *Digital Ads Litigation*, at least for pretrial purposes.

| | | |
|---|---|---|
| 1 | DATED: January 28, 2021 | **WILLIAMS & CONNOLLY LLP** |
| 2 | | |
| 3 | | By: */s/ John E. Schmidtlein* |
| | | John E. Schmidtlein, SBN 163520 |
| 4 | | Benjamin M. Greenblum (*pro hac vice*) |
| | | WILLIAMS & CONNOLLY LLP |
| 5 | | 725 Twelfth Street, N.W. |
| | | Washington, DC 20005 |
| 6 | | Telephone: (202) 434-5000 |
| | | Facsimile: (202) 434-5029 |
| 7 | | Email: jschmidtlein@wc.com |
| | | Email: bgreenblum@wc.com |

*Attorneys for Defendants*