| | |
|---|---|
| 1 | DANIEL J. PFEFFERBAUM (248631) |
| | dpfefferbaum@rgrdlaw.com |
| 2 | ROBBINS, GELLER RUDMAN & DOWD LLP |
| 3 | Post Montgomery Center |
| | One Montgomery Street, Suite 1800 |
| 4 | San Francisco, California 94104 |
| | Telephone: (415) 288-4545 |
| 5 | Facsimile: (415) 288-4534 |

DANIEL J. PFEFFERBAUM (248631)
  dpfefferbaum@rgrdlaw.com
ROBBINS, GELLER RUDMAN & DOWD LLP
Post Montgomery Center
One Montgomery Street, Suite 1800
San Francisco, California 94104
Telephone: (415) 288-4545
Facsimile: (415) 288-4534

DAVID W. MITCHELL (199706)
  davidm@rgrdlaw.com
STEVEN M. JODLOWSKI (239074)
  sjodlowski@rgrdlaw.com
ROBBINS, GELLER RUDMAN & DOWD LLP
655 West Broadway, Suite 1900
San Diego, California 92101
Telephone: (619) 231-1058
Facsimile: (619) 231-7423

*Attorneys for Plaintiff Sweepstakes Today, LLC*

PHILIP C. KOROLOGOS*
  pkorologos@bsfllp.com
BOIES SCHILLER FLEXNER LLP
55 Hudson Yards, 20th Floor
New York, New York 10001
Telephone: (212) 446-2300
Facsimile: (212) 446-2350

MARK C. MAO (236165)
  mmao@bsfllp.com
BOIES SCHILLER FLEXNER LLP
44 Montgomery Street, 41st Floor
San Francisco, California 94104
Telephone: (415) 293-6820
Facsimile: (415) 293-6899

GEORGE A. ZELCS*
  gzelcs@koreintillery.com
KOREIN TILLERY LLC
205 North Michigan Avenue, Suite 1950
Chicago, Illinois 60601
Phone: (312) 641-9760
Facsimile: (312) 641-9751

CAROL L. O'KEEFE*
  cokeefe@koreintillery.com
KOREIN TILLERY LLC
505 North Seventh Street, Suite 3600
St. Louis, Missouri 63101-1625
Phone: (314) 241-4844
Facsimile: (314) 241-3525

*Attorneys for Plaintiffs Genius Media Group, Inc., The Nation Company, L.P., and The Progressive, Inc.*

SOPHIA M. RIOS (305801)
  srios@bm.net
BERGER MONTAGUE PC
12544 High Bluff Drive, Suite 340
San Diego, California 92130
Telephone: (619) 489-0300
Facsimile:  (215) 875-4604

ERIC L. CRAMER*
  ecramer@bm.net
MICHAEL C. DELL'ANGELO*
  mdellangelo@bm.net
PATRICK F. MADDEN*
  pmadden@bm.net
MICHAELA WALLIN*
  mwallin@bm.net
BERGER MONTAGUE PC
1818 Market Street, Suite 3600
Philadelphia, Pennsylvania 19103
Telephone: (215) 875-3000
Facsimile: (215) 875-4604

*Attorneys for Sterling International Consulting Group*

*Pro Hac Vice

[Additional Counsel listed on Signature Page]

# UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF CALIFORNIA
### SAN JOSE DIVISION

| | |
|---|---|
| IN RE GOOGLE DIGITAL ADVERTISING ANTITRUST LITIGATION | Case No. 20-cv-03556-BLF <br><br> **JOINT PUBLISHER PLAINTIFFS' CASE MANAGEMENT CONFERENCE STATEMENT** <br><br> Hon. Beth Labson Freeman |
| SWEEPSTAKES TODAY, LLC, <br>        Plaintiff, <br>   v. <br> GOOGLE LLC, et al., <br>        Defendants. | Case No. 20-cv-08984-BLF |
| GENIUS MEDIA GROUP, INC., et al., <br>        Plaintiffs, <br>   v. <br> ALPHABET INC., et al., <br>        Defendants. | Case No. 20-cv-09092-BLF |
| STERLING INTERNATIONAL CONSULTING GROUP, <br>        Plaintiff, <br>   v. <br> GOOGLE LLC, <br>        Defendant. | Case No. 20-cv-09321-BLF |
| MARK J. ASTARITA, <br>        Plaintiff, <br>   v. <br> GOOGLE LLC, et al., <br>        Defendants. | Case No. 21-cv-00022-BLF |

Plaintiffs Sweepstakes Today, LLC, Genius Media Group, Inc., The Nation Company, L.P., The Progressive, Inc., and Sterling International Consulting Group ("Publisher Plaintiffs") respectfully submit this joint statement pursuant to the Court's Order of January 22, 2021 (ECF 70), in preparation for the Case Management Conference of February 4, 2021. The Publisher Plaintiffs respectfully request that the Court: (1) separately consolidate the cases brought by advertisers as one action and consolidate cases brought by publishers, including *Astarita v. Google LLC,* No. 21-cv-0022-BLF, in a separate but coordinated action; (2) set a schedule for the filing of (a) a consolidated publishers' complaint and a response thereto, and (b) motions for the appointment of interim lead class counsel for the advertiser class and, separately, for the publisher class; and (3) coordinate the related advertiser and publisher actions for purposes of any overlapping discovery.

**I.     COORDINATION OF SEPARATE CONSOLIDATED ACTIONS FOR PUBLISHERS AND ADVERTISERS IS APPROPRIATE**

The Publisher Plaintiffs operate websites on which they sell space for the display of digital ads. Advertisers, including members of the proposed advertiser class, purchase this space to display ads to users, placing publishers and advertisers at opposite ends of what is known as the "ad tech stack." Defendant Google has substantial market power throughout the ad tech stack, as Google provides tools to advertisers for purchasing ad space inventory, tools to publishers known as Ad Servers for selling inventory and selecting ads, as well as its own Ad Network and Ad Exchange through which advertisers and publishers select counterparties and consummate transactions.

The Publisher Plaintiffs bring their action to remedy the effects on publishers of Google's anticompetitive conduct. The Publisher Plaintiffs' claims include violations of Section 2 of the Sherman Act and violation of California's Unfair Competition Law arising from Google's efforts to expand and maintain its occupation and control of the Ad Server, Ad Network, and Ad Exchange tools used by publishers to provide online advertising. The Publisher Plaintiffs allege that Google has used its monopoly power in publisher Ad Servers to disadvantage rival Ad Networks and Ad Exchanges, has raised barriers to entry, and has otherwise unlawfully directed

1
JOINT PUBLISHER PLAINTIFFS' CMC STATEMENT
Case Nos.: 20-cv-03556-BLF, 20-cv-08982-BLF, 20-cv-09092-BLF, 20-cv-09321-BLF, 21-cv-00022BLF

market share to its own products.

The advertiser case alleges that Google disadvantages advertisers by conditioning access to Google's own valuable search advertising on the use of Google's tools for the purchase of display advertising; wrongfully withholding data from competing demand side-platforms; and causing advertisers to bid against themselves in exchange transactions thereby driving up the price that advertisers pay to place ads. While publishers and advertisers both claim that Google's alleged anticompetitive conduct causes each to pay more for Google's services than they would pay in a competitive marketplace, they occupy opposite ends of the ad tech stack—with Google sitting in the middle connecting the two—creating tension between the two proposed classes that necessitates separate actions for publishers and for advertisers. Both publishers and advertisers contend that Google's monopolistic conduct has increased Google's take rate—the amount it charges for products used across the spectrum of the ad tech stack. Hence, publishers and advertisers are both seeking damages, at least in part, arising from the same alleged artificial inflation of Google's take rate as the middle-man, and dollars sought by one side in damages would be at the expense of the other.

## II. THE COURT SHOULD COORDINATE THE ACTIONS TO MINIMIZE PREJUDICE AND APPOINT SEPARATE INTERIM LEAD CLASS COUNSEL

Publisher Plaintiffs respectfully submit that given the disparate procedural postures of the advertiser and publisher actions, they should be coordinated in a manner that minimizes prejudice and allows both actions to proceed in a timely fashion. "In determining whether or not to consolidate cases, the Court should 'weigh the interest of judicial convenience against the potential for delay, confusion and prejudice.'" *Zhu v. UCBH Holdings, Inc*., 682 F. Supp. 2d 1049, 1052 (N.D. Cal. 2010) (*quoting Southwest Marine, Inc. v. Triple A Machine Shop, Inc.,* 720 F. Supp. 805, 807 (N.D. Cal.1989)).

In the advertiser action, the parties are currently briefing a motion to dismiss the First Amended Consolidated Complaint, including an allegedly binding arbitration provision not found in the publishers' agreements with Google, and a challenge to the relevant market definition, which the advertisers have defined as, "encompassing the overall system or process that connects

1  online display advertisers and publishers (including Google)." (ECF 52).  Publisher Plaintiffs
2  have all pleaded different and more discrete relevant product markets.  Because the issues in each
3  of these cases will be distinct, the advertiser and publisher actions should be coordinated rather
4  than consolidated together.

5  The same competing interests that mandate separate consolidation of the advertiser and
6  publisher classes likewise mandate the appointment of separate interim class counsel in these
7  separate but coordinated actions.  In setting the organizational structure and appointing class
8  counsel, "[t]he most important [factor] is achieving efficiency and economy without jeopardizing
9  fairness to the parties."  MANUAL ON COMPLEX LITIGATION (FOURTH), §10,221; *see*
10 *also, In re Volkswagen "Clean Diesel" Mktg., Sales Practices, & Prod. Liab. Litig.,* 895 F.3d
11 597, 608 (9th Cir. 2018) (discussing "evident structural conflicts" that may require discrete
12 classes). Permitting these actions to proceed in parallel through the motion to dismiss stage, and
13 coordinating discovery on overlapping issues thereafter, will best serve the dual interests of
14 efficiency and fairness. *See, e.g., Chelsea, LLC v. Regal Stone, Ltd*., No. 07-5800 SC, 2009 WL
15 250479, at *4 (N.D. Cal. Feb. 3, 2009) (ordering cases "consolidated for discovery and pre-trial
16 purposes only. The separate lawsuits are not merged into a single action, and they retain their
17 separate character").

18 Parallel proceedings through the motion to dismiss stage will ensure that the distinct
19 classes of advertisers and publishers are able to frame complaints that serve their respective
20 interests, and will facilitate the most efficient, fair, and timely resolution of early issues.
21 Coordination of general orders regarding discovery such as ESI and Protective Orders will
22 conserve resources for Google, the Court, and the proposed plaintiff classes.  Coordination of
23 joint discovery on overlapping factual issues will promote economy while allowing each plaintiff
24 class to investigate factual issues independently, reflecting their respective roles in the ad tech
25 stack, *e.g.*, Google's tie of advertising tools for search and display as it relates to the advertiser
26 class, and Google's use of the publisher Ad Server to disadvantage rivals to the detriment of the
27 publisher class.

28 Accordingly, Publisher Plaintiffs respectfully request that the Court issue an Order

scheduling the following events: (a) Filing of the publisher plaintiffs' Consolidated Complaint (suggested date: March 8, 2021); (b) Google's time to answer or otherwise respond to the publisher plaintiffs' Consolidated Complaint (suggested date: April 12, 2021); (c) Proposal(s) for appointment of interim counsel for the Advertiser action; and (d) Filing Proposal(s) for appointment of interim counsel for the Publisher action (suggested date: February 18, 2021)

Date: January 28, 2021

BY: */s/ Mark C. Mao*

Mark C. Mao (236165)
Sean P. Rodriguez (262437)
**BOIES SCHILLER FLEXNER LLP**
44 Montgomery St., 41st Floor
San Francisco, CA 94104
Telephone: (415) 293-6820
Facsimile:  (415) 293-6899
mmao@bsfllp.com
srodriguez@bsfllp.com

Philip C. Korologos*
**BOIES SCHILLER FLEXNER LLP**
55 Hudson Yards, 20th Floor
New York, NY 10001
Telephone: (212) 446-2300
Facsimile: (212) 446-2350
pkorologos@bsfllp.com

Daniel J. Pfefferbaum
**ROBBINS, GELLER RUDMAN
   & DOWD LLP**
Post Montgomery Center
One Montgomery Street, Suite 1800
San Francisco, CA 94104
Telephone: (415) 288-4545
Facsimile: (415) 288-4534
dpfefferbaum@rgrdlaw.com

George A. Zelcs*
Robert Litan*
Randall P. Ewing*
Jonathon D. Byrer*
Ryan Z. Cortazar*
**KOREIN TILLERY LLC**
205 North Michigan Avenue
Suite 1950
Chicago, Illinois 60601
Phone: (312) 641-9760
Facsimile: (312) 641-9751
gzelcs@koreintillery.com
rlitan@koreintillery.com
rewing@koreintillery.com
jbyrer@koreintillery.com
rcortazar@koreintillery.com

Stephen M. Tillery*
Michael E. Klenov(277028)
Carol L. O'Keefe*
Jamie Boyer*
**KOREIN TILLERY LLC**
505 North Seventh Street
Suite 3600
St. Louis, Missouri 63101-1625
Phone: (314) 241-4844
Facsimile: (314) 241-3525.
stillery@koreintillery.com
mklenov@koreintillery.com
cokeefe@koreintillery.com
jboyer@koreintillery.com

David W. Mitchell
Steven M. Jodlowski
**ROBBINS GELLER RUDMAN**
  **& DOWD LLP**
655 West Broadway, Suite 1900
San Diego, CA 92101
Telephone: (619) 231-1058
Facsimile: (619) 231-7423
davidm@rgrdlaw.com
sjodlowski@rgrdlaw.com

John C. Herman*
**HERMAN JONES LLP**
3424 Peachtree Road, N.E., Suite 1650
Atlanta, GA 30326
Telephone: (404) 504-6555
Facsimile: (404) 504-6501
jherman@hermanjones.com

Abby L. Dennis*
Jesse Panuccio*
**BOIES SCHILLER FLEXNER LLP**
1401 New York Avenue, N.W.
Washington DC  20005
Telephone: (202) 895-7580
Facsimile: (202) 237-6131
adennis@bsflp.com
Jpanuccio.bsfllp.com

Sabria A. McElroy*
**BOIES SCHILLER FLEXNER LLP**
401 E. Las Olas Blvd., Suite 1200
Fort Lauderdale, FL 33301
Telephone: (954) 377-4216
Facsimile: (954) 356-002
smcelroy@bsfllp.com

Sophia M. Rios (305801)
**BERGER MONTAGUE PC**
12544 High Blufff Drive, Suite 340
San Diego, CA 92130
Telephone: (619) 489-0300
Facsimile: (215) 875-4604
srios@bm.net

David Boies*
**BOIES, SCHILLER & FLEXNER LLP**
333 Main Street
Armonk, NY 10504
Telephone: (914) 749-8200
Facsimile: (914) 749-8300
dboies@bsfllp.com

Eric L. Cramer*
Michael C. Dell'Angelo*
Patrick F. Madden*
Michaela Wallin*
**BERGER MONTAGUE PC**
1818 Market Street, Suite 3600
Philadelphia, PA 19103
Telephone: (215) 875-3000
Facsimile: (215) 875-4604
ecramer@bm.net
mdellangelo@bm.net
pmadden@bm.net
mwallin@bm.net

Daniel J. Walker *
**BERGER MONTAGUE PC**
2001 Pennsylvania Ave., NW
Suite 300
Washington DC 20006
Telephone: (202) 559-9745
dwalker@bm.net

Michael K. Yarnoff*
**KEHOE LAW FIRM, P.C.**
Two Penn Center Plaza
1500 JFK Blvd., Suite 1020
Philadelphia, PA 19102
Telephone: (215) 792-6676
myarnoff@kehoelawfirm.com

*Pro Hac Vice*