[Submitting Counsel on Signature Page]

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA
SAN JOSE DIVISION

| | |
|---|---|
| IN RE GOOGLE DIGITAL ADVERTISING ANTITRUST LITIGATION | Case No. 5:20-cv-03556-BLF<br><br>**CASE MANAGEMENT CONFERENCE STATEMENT OF PLAINTIFFS HANSON LAW FIRM, PC, SUREFREIGHT GLOBAL LLC D/B/A PRANA PETS, VITOR LINDO, AND MARK J. ASTARITA**<br><br>Date: February 4, 2021<br>Time: 10:00 a.m.<br>Place: Courtroom 3<br>Hon. Beth Labson Freeman |

I. **SUMMARY OF HANSON PLAINTIFFS' POSITION**

In accordance with the Court's Order (ECF 70), Plaintiffs Hanson Law Firm, PC, Surefreight Global LLC d/b/a Prana Pets, Vitor Lindo, and Mark J. Astarita ("Hanson Plaintiffs") submit this statement in advance of the February 4, 2021 Case Management Conference. The Hanson Plaintiffs respectfully request that the Court: (1) coordinate the related cases for pretrial purposes on a master docket; (2) separately consolidate cases brought by advertisers and cases brought by publishers, subject to controls to ensure the efficient overall conduct of the proceedings; and (3) set a single briefing schedule for the appointment of interim lead class counsel for all plaintiffs.

Since the Court set the Case Management Conference, counsel for the Hanson Plaintiffs have convened a series of calls, first with counsel for other publisher plaintiffs and later with all parties, to discuss the efficient coordination and advancement of these proceedings. While the parties have made progress, they are not in complete alignment as to the management of the related actions and the appointment of interim leadership, as described below.

The newly related publisher cases arise out of substantially similar conduct and involve markets that overlap with those at issue in the existing litigation. All cases allege Google has illegally gained control over the brokering services for display advertising through a multifaceted scheme, such that neither advertisers nor publishers have much choice but to use Google's services. The two sets of plaintiffs seek to recover antitrust damages from the same time period in connected markets against the same defendant. Prosecuting these claims will require common discovery into Google's relevant business practices, and related motion practice, and close coordination of the cases will be necessary to ensure their efficient progress. The Hanson Plaintiffs are amenable to separate consolidation of the advertiser and publisher cases, subject to implementation of case management devices to ensure the orderly, non-duplicative prosecution of the two sets of claims. The Hanson Plaintiffs also propose that the Court, as part of determining the best means of managing these related actions, entertain motions for the appointment of interim class counsel.

II. **RELEVANT PROCEDURAL BACKGROUND**

This litigation began on May 27, 2020, with the filing of a class complaint against Google for monopolizing the intermediary services that connect advertisers and publishers of online display

1

CASE MANAGEMENT CONFERENCE STATEMENT OF PLAINTIFFS HANSON LAW FIRM, PC, SUREFREIGHT GLOBAL LLC D/B/A PRANA PETS, VITOR LINDO, AND MARK J. ASTARITA
CASE NO. 5:20-cv-03556-BLF

advertisements. ECF 1. The Court then deemed a second case related and entered the parties' stipulation consolidating those cases. ECF 24, 26. The Court held a case management conference on September 24. ECF 36. Plaintiffs filed a first amended consolidated complaint on December 4, proposing to represent a class of both advertisers and publishers based on their allegations that Google's violations harmed both groups. ECF 52, ¶ 225. Google moved to dismiss on January 15. ECF 66.

The State of Texas, joined by nine other states, filed an enforcement action on December 16, 2020, alleging "Google uses its powerful position on every side of the online display markets to unlawfully exclude competition." No. 4:20-cv-00957-SDJ (E.D. Tex.), ECF 1, ¶ 6. On January 19, Google moved to transfer that action to this District, and that motion is presently being briefed. ECF 67.

Also in December and January, ad publishers filed four additional class action complaints in this District: *Sweepstakes Today*, No. 20-cv-08984-HSG (filed Dec. 15, 2020); *Genius Media*, No. 20-cv-09092-DMR (filed Dec. 16, 2020); *Sterling International*, No. 5:20-cv-09321-JCS (filed Dec. 23, 2020); and *Astarita*, No. 21-cv-00022-DMR (filed Jan. 4, 2020). On January 21, the Court deemed these cases related to the consolidated *Google Digital Ads* action. ECF 68.

**III.   DISCUSSION**

Three steps will advance the orderly management of these cases.

*First*, all parties appear to agree that coordination of the proceedings, regardless of the extent to which the cases are consolidated, is warranted because "[i]n related cases pending before the same judge, it is best to coordinate discovery plans to avoid conflicts and duplication." *Manual for Complex Litigation, Fourth* § 11.455. A stipulated protective order and ESI protocol, for instance, can be negotiated once; all filings can be made on a single master docket, and common discovery can be coordinated as well. *See id.* § 20.14. The Court also can oversee coordinated motion practice, under Rule 12 and otherwise, to avoid repetitive briefing of common issues. *See id.* § 11.32.

*Second*, the other publisher plaintiffs have advised that they seek to consolidate the publisher cases (including *Astarita*) and advertiser cases separately in this coordinated proceeding. The advertisers allege they paid too much to Google, while the publishers allege they received too little

2

CASE MANAGEMENT CONFERENCE STATEMENT OF PLAINTIFFS HANSON LAW FIRM, PC, SUREFREIGHT GLOBAL LLC D/B/A PRANA PETS, VITOR LINDO, AND MARK J. ASTARITA
CASE NO. 5:20-cv-03556-BLF

from Google. All plaintiffs share the common goal of proving Google has maximized its own profits by increasing its take as the middleman: *i.e.*, the difference between what advertisers pay and publishers receive. Whether any tension may manifest with regard to the two plaintiff groups' respective damages is speculative, as the damages claimed by one plaintiff group would not presumptively or necessarily reduce the damages allocated to the other. That said, in the interest of the orderly management of the proceedings, the Hanson Plaintiffs (including publisher plaintiff Astarita) are amenable to the filing of separate consolidated complaints by the two plaintiff groups.

The Hanson Plaintiffs note that separate consolidation of the publisher and advertiser cases may have implications for the currently operative complaint and the pending motion to dismiss, as the class proposed in the operative complaint includes both advertisers and publishers. The Hanson Plaintiffs have conferred with Google and will be prepared to address these issues at the conference.

*Third*, the plaintiffs all appear to agree that appointing interim counsel is timely, appropriate, and "necessary to protect the interests of the putative class" and will "clarif[y] responsibility for protecting the interests of the class during precertification activities[.]" Fed. R. Civ. P. 23(g) advisory committee's note (2003); *Manual 4th* § 21.11. Given the intertwined nature of the advertiser claims and publisher claims, the common interest of all class members in proving Google's violations, and the realities of complex case management, the Hanson Plaintiffs suggest that some degree of overall leadership of the coordinated actions may facilitate the efficient conduct of this litigation. The possibility of future allocation considerations does not require—and in fact counsels against—the siloed representation of each group. Interim class leadership for the publishers and the advertisers should be determined at the same time, given the overlapping alleged anticompetitive conduct at issue.

The Hanson Plaintiffs look forward to discussing these issues and receiving the Court's guidance.

Dated: January 28, 2021                    Respectfully submitted,

                                           By:   /s/ *Dena C. Sharp*
                                           Dena C. Sharp (State Bar No. 245869)
                                           Jordan Elias (State Bar No. 228731)
                                           Adam E. Polk (State Bar No. 273000)

3

CASE MANAGEMENT CONFERENCE STATEMENT OF PLAINTIFFS HANSON LAW FIRM, PC, SUREFREIGHT GLOBAL LLC D/B/A PRANA PETS, VITOR LINDO, AND MARK J. ASTARITA
CASE NO. 5:20-cv-03556-BLF

|   |   |
|---|---|
| 1 | Scott M. Grzenczyk (State Bar No. 279309) |
| 2 | **GIRARD SHARP LLP**<br>601 California Street, Suite 1400 |
| 3 | San Francisco, CA 94108<br>Tel: (415) 981-4800 |
| 4 | Fax: (415) 981-4846<br>dsharp@girardsharp.com |
| 5 | jelias@girardsharp.com<br>apolk@girardsharp.com |
| 6 | scottg@girardsharp.com |

Scott M. Grzenczyk (State Bar No. 279309)
**GIRARD SHARP LLP**
601 California Street, Suite 1400
San Francisco, CA 94108
Tel: (415) 981-4800
Fax: (415) 981-4846
dsharp@girardsharp.com
jelias@girardsharp.com
apolk@girardsharp.com
scottg@girardsharp.com

Tina Wolfson (State Bar No. 174806)
Theodore W. Maya (State Bar No. 223242)
Rachel Johnson (State Bar No. 331351)
**AHDOOT & WOLFSON, PC**
2600 West Olive Avenue, Suite 500
Burbank, CA 91505
Tel.: (310) 474-9111
Fax: (310) 474-8585
twolfson@ahdootwolfson.com
tmaya@ahdootwolfson.com
rjohnson@ahdootwolfson.com

John D. Radice (*pro hac vice* forthcoming)
April Lambert (*pro hac vice* forthcoming)
**RADICE LAW FIRM, PC**
475 Wall Street
Princeton, NJ 08540
Tel: (646) 245-8502
Fax: (609) 385-0745
jradice@radicelawfirm.com
alambert@radicelawfirm.com

Scott L. Silver (*pro hac vice* forthcoming)
**SILVER LAW GROUP**
11780 W. Sample Road
Coral Springs, FL 33065
Tel: (954) 755-4799
ssilver@silverlaw.com

*Attorneys for Hanson Plaintiffs*

4

CASE MANAGEMENT CONFERENCE STATEMENT OF PLAINTIFFS HANSON LAW FIRM, PC,
SUREFREIGHT GLOBAL LLC D/B/A PRANA PETS, VITOR LINDO, AND MARK J. ASTARITA
CASE NO. 5:20-cv-03556-BLF