1  Robert J. Gralewski, Jr. (#196410)
   Kirby McInerney LLP
2  600 B Street, Suite 2110
   San Diego, CA 92101
3  Telephone: (619) 784-1442
4  Email: bgralewski@kmllp.com

5  *Counsel for Interested Party JLaSalle Enterprises, LLC*

6  [Additional Counsel on Signature Page]

**UNITED STATES DISTRICT COURT**

**NORTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| IN RE GOOGLE DIGITAL ADVERTISING ANTITRUST LITIGATION | Case No. 5:20-cv-03556-BLF<br><br>**INTERESTED PARTY'S UNOPPOSED ADMINISTRATIVE MOTION TO CONSIDER WHETHER CASES SHOULD BE RELATED**<br><br>Hon. Beth Labson Freeman<br>(Civ. L.R. 3-12 and 7-11) |

1    Pursuant to Civil Local Rule 3-12(b) and 7-11(a), Interested Party, JLaSalle Enterprises LLC ("JLaSalle" or "Interested Party"), hereby respectfully moves for the Court to consider whether *JLaSalle Enter. LLC v. Google LLC,* No. 5:21-cv-00748-NMC (N.D. Cal.) (the "*JLaSalle* Action"), is related to *In re Google Dig. Advert. Antitrust Litig.,* No. 5:20-cv-03556-BLF (N.D. Cal.) (the "*Digital Ads* Action"). JLaSalle filed its complaint on January 29, 2021 ("*JLaSalle* Complaint"). *See* Exhibit A to the accompanying Declaration of Robert J. Gralewski, Jr. ("Gralewski Decl."). The *Digital Ads* Action is the lowest-numbered action, with its complaint filed on May 27, 2020 (ECF No. 1) and the First Amended Consolidated Class Action Complaint filed on December 4, 2020 (ECF No. 52 ("*Digital Ads* First Amend. Complaint")).

In connection with the Motion, counsel for JLaSalle conferred with counsel for Defendant Google LLC ("Defendant" or "Google") on February 2, 2021 and counsel for Google consented to the relief sought in this Motion. *See* Gralewski Decl. ¶ 4.

## I. LEGAL STANDARD

Civil Local Rule 3-12(b) provides that "[w]henever a party knows or learns that an action, filed in or removed to this district is (or the party believes that the action may be) related to an action which is or was pending in this District as defined in Civ. L.R. 3-12(a), the party must promptly file in the lowest numbered case an Administrative Motion to Consider Whether Cases Should be Related, pursuant to Civ. L.R. 7-11." "An Action is related to another when: (1) The actions concern substantially the same parties, property, transaction or event; and (2) It appears likely that there will be an unduly burdensome duplication of labor and expense or conflicting results if the cases are conducted before different Judges." Civ. L.R. 3-12(a).

## II. THE *DIGITAL ADS* ACTION AND THE *JLASALLE* ACTION ARE RELATED

The *Digital Ads* Action and the *JLaSalle* Action are both putative class actions alleging that Defendant Google LLC engaged in a course of conduct that violated antitrust laws and harmed digital publishers that sell advertising space on their websites.

**Parties.** The two actions concern substantially the same parties. Several of the plaintiffs in the *Digital Ads* Action and the plaintiff in the *JLaSalle* Action both operate ad-supported websites

that purchase publisher services from Defendant Google (*Digital Ads* First Amend. Complaint ¶ 4; *JLaSalle* Complaint ¶ 12). Google is the primary defendant in all of the actions.[1]

Additionally, plaintiffs in both actions seek to represent largely the same classes and allege the same conduct at issue. For instance, one proposed track in the *Digital Ads* Action seeks to certify a class of publishers of digital ads. The *JLaSalle* Action defines the class as "[a]ll publishers that sell digital display advertising inventory through Google's AdSense targeting consumers in the United States between March 11, 2008 and the date the Court certifies the Class" (*JLaSalle* Complaint ¶115). Absent relation, the cases would proceed separately on behalf of the same group of publishers who allegedly were harmed by the same conduct. *See Zakinov v. Ripple Labs, Inc.,* No. 18-cv-6753, 2020 WL 2768966, at *2 (N.D. Cal. May 28, 2020) (two actions "concern[ed] substantially the same parties" because "if the court were to certify [one] plaintiff's…class, [the other plaintiff] would be included among its membership").

**Transactions or Events.** The actions allege substantially the same course of conduct by Google that violated the antitrust laws and harmed digital publishers. For example, the complaints allege that Google:

- engaged in a series of acquisitions designed to give it a significant market presence at each level of the online advertising process (*Digital Ads* First Amend. Complaint ¶ 61-68; *JLaSalle* Complaint ¶ 3, 63);
- interfered with competitors' header-bidding functions (*Digital Ads* First Amend. Complaint ¶ 142-145; *JLaSalle* Complaint ¶ 84-101); and
- engaged in illegal tying or bundling of its products and services (*Digital Ads* First Amend. Complaint ¶ 119-121; *JLaSalle* Complaint ¶ 60-64).

The actions allege that this and other conduct caused digital publishers antitrust injury by suppressing advertising revenues digital publishers could generate from selling digital display

---

[1] The *Digital Ads* Action also involves Defendant Alphabet Inc. The additional Defendant does not materially change the parties involved in the two actions as the plaintiffs in the *Digital Ads* Action allege that "Google LLC is a wholly-owned subsidiary of Alphabet." (*Digital Ads* First Amend. Complaint ¶ 25)

advertising space on their sites. (*Digital Ads* First Amend. Complaint ¶ 241; *JLaSalle* Complaint ¶ 112). The complaints allege that Google's conduct violated Section 2 of the Sherman Act, 16 U.S.C. § 2. (*Digital Ads* First Amend. Complaint ¶ 236-244; *JLaSalle* Complaint ¶ 125-130).

**Labor, Expense, or Potentially Conflicting Results.** Due to the substantial similarities discussed above, conducting the *Digital Ads* Action and *JLaSalle* Action before different judges will result in unnecessary expense and an unduly burdensome duplication of labor. It would also risk conflicting results as to the same allegedly illegal conduct by Google.

### III. CONCLUSION

For the foregoing reasons, JLaSalle respectfully requests that this Court enter the [Proposed] Order finding the *Digital Ads* Action and the *JLaSalle* Action related, pursuant to Civil Local Rule 3-12. A [Proposed] Order is annexed hereto.

DATED: February 3, 2021

Respectfully Submitted,

KIRBY McINERNEY LLP

*/s/ Robert J. Gralewski, Jr.*
Robert J. Gralewski, Jr. (#196410)
600 B Street, Suite 2110
San Diego, CA 92101
Telephone: (619) 784-1442
Email: bgralewski@kmllp.com

- and -

Daniel Hume
David Bishop
Andrew McNeela
250 Park Avenue, Suite 820
New York, NY 10177
Telephone: (212) 371-6600
Email: dhume@kmllp.com
dbishop@kmllp.com
amcneela@kmllp.com

HINKLE SHANOR LLP

1  Thomas M. Hnasko
2  Michael E. Jacobs
   218 Montezuma Avenue
3  Santa Fe, NM 87501
   Telephone: (505) 982-4554
4  Email: thnasko@hinklelawfirm.com
   mjacobs@hinklelawfirm.com
5
   WILLIAMS LAW FIRM
6  Kent Williams
   1632 Homestead Trail
7  Long Lake, MN 55356
   Telephone: (612) 940-4452
8  Fax: (952) 283-1525
   Email: williamslawmn@gmail.com
9

10 *Counsel for Interested Party*
   *JLaSalle Enterprises, LLC*