JUSTINA K. SESSIONS, State Bar No. 270914
WILSON SONSINI GOODRICH & ROSATI
Professional Corporation
One Market Plaza
Spear Tower, Suite 3300
San Francisco, California 94105
Telephone: (415) 947-2197
Facsimile: (415) 947-2099
Email: jsessions@wsgr.com

*Counsel for Defendants*
*Google LLC and Alphabet Inc.*

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| IN RE GOOGLE DIGITAL ADVERTISING ANTITRUST LITIGATION<br><br>DOCUMENT RELATES TO:<br><br>*Mikula Web Solutions, Inc. v. Google LLC*, No. 4:21-cv-00810-DMR | Lead Case No.: 5:20-cv-03556-BLF<br><br>**DEFENDANTS GOOGLE LLC AND ALPHABET INC.'S STATEMENT IN SUPPORT OF PLAINTIFF'S UNOPPOSED ADMINISTRATIVE MOTION TO CONSIDER WHETHER CASES SHOULD BE RELATED** |

Pursuant to Civil Local Rule 3-12(e), Defendants Google LLC and Alphabet Inc. (together, "Google") submit this statement in support of Mikula Web Solutions' Motion to Relate. Google agrees that *Mikula Web Solutions, Inc. v. Google LLC* (21-cv-00810) should be related to the *In re Google Digital Advertising Antitrust Litigation* because the *Mikula* complaint includes an overlapping class of publishers, challenges the same conduct, and brings substantially the same claims as those at issue in the *Digital Ads*[1] litigation. Like the other complaints in *Digital Ads*, Mikula alleges that Google has monopolized markets relating to display advertising or "the Display Ad [Tech] Stack." Google, therefore, requests that the Court grant Mikula's motion to relate.

**Same Parties.** The *Digital Ads* proposed classes overlap with Mikula's proposed class. In *Digital Ads*, several plaintiff groups seek to represent classes of publishers that sold digital advertising using Google advertising technology. For example, the *Sterling* plaintiffs seek to represent a class of "All persons and entities who sold digital advertising space at any time during the period from December 15, 2016 through the present." *Sterling Int'l Consulting Grp. v. Google LLC*, No. 20-cv-09321 Dkt. 1 (Compl.) ¶ 194. The *Genius Media* plaintiffs seek to represent a class of "all persons that received revenue from Google for displaying advertisements using Google's Ad Network services from for years prior to the date of this Complaint's filing through the present." *Genius Media Grp., Inc. v. Alphabet Inc.*, No. 20-cv-09092 Dkt. 1 (Compl.) ¶ 101. These plaintiffs further allege that Google AdSense is among the ad network services. *Id.* ¶ 43. Mikula seeks to represent an overlapping class, namely: "all

---

[1] The *Digital Ads* litigation currently includes five related complaints: *In re Digital Ads*, *Astarita v. Google LLC* (20-cv-00022), *Genius Media Grp. v. Alphabet Inc.* (20-cv-09092), *Sweepstakes Today, LLC v. Google LLC* (20-cv-8984), *Sterling Int'l Consulting Grp. v. Google LLC* (20-cv-9321). The advertiser plaintiffs have filed a consolidated amended complaint, and the Court has set a schedule to receive applications for publishers' interim class counsel and a consolidated amended publishers' complaint. *See* Feb. 4, 2021 Case Management Conference Tr. 33:4-10.

Publishers that sell digital display advertising inventory through Google's AdSense targeting consumers in the United States between March 11, 2008 and the date the Court certifies the class."[2]  *Mikula Web Solutions*, No. 21-cv-00810 Dkt. 1 (Compl.) ¶ 118.

**Overlapping Allegations of Anticompetitive Conduct.**  Both the *Digital Ads* plaintiffs and Mikula allege that Google violated the antitrust laws by tying advertising products, leveraging monopolistic market share, and interfering with competitors' services.  *See, e.g.*, *Genius Media* Compl. ¶¶ 62, 62, 64, 76, 94-98; *Sterling* Compl. ¶¶ 72, 78, 124, 115 139, 145; *Sweepstakes Today, LLC v. Google LLC*, No. 20-cv-08984 Dkt. 1 (Compl.) ¶¶ 11, 210, 225-26; *Astarita v. Google LLC*, No. 21-cv-00022 Dkt. 1 (Compl.) ¶¶ 86, 87, 122; *Mikula* Compl. ¶¶ 59, 61, 76, 85, 90-95.

**Same Claims for Relief.**  Both groups of plaintiffs claim damages under federal antitrust law on behalf of a publisher class.  *See, e.g.*, *Genius Media* Compl. ¶¶ 116, 119, Prayer for Relief; *Sterling Int'l* Compl. ¶ 188, Prayer for Relief; *Sweepstakes Today* Compl. ¶ 185, Prayer for Relief; *Astarita* Compl. ¶ 227, Prayer for Relief; *Mikula* Compl. ¶ 138, Prayer for Relief.

**Conducting the Actions Before Different Judges Would Result in Unduly Burdensome Duplication of Labor and Expense.**  *Mikula Web Solutions* and the cases currently related under the *Digital Ads* umbrella will necessarily include substantially overlapping discovery, and will require resolution of the same factual and legal questions.  It would be unduly burdensome to the parties, third parties, and to the Court to duplicate those efforts.  Further, because the two cases "are currently in a similar procedural posture," as discovery has not begun in either, "efficiency gains [would likely] be achieved" by treating the matters as related.  *Pepper v. Apple Inc.*, No. 11-cv-06714-YGR 2019 WL 4783951, at *2 (N.D. Cal. Aug. 22, 2019).

---

[2] This is identical to the proposed class in *JLaSalle Enterprises*, for which a motion to relate is also pending.

1 | Google respectfully requests that the Court grant Mikula Web Solutions' motion to relate.

3 | Dated: February 8, 2021

Respectfully submitted,

WILSON SONSINI GOODRICH & ROSATI
Professional Corporation

*s/ Justina K. Sessions*
Justina K. Sessions
jsessions@wsgr.com

*Counsel for Defendants*
*Google LLC and Alphabet Inc.*