Tina Wolfson (State Bar No. 174806)
Rachel Johnson (State Bar No. 331351)
Theodore W. Maya (State Bar No. 223242)
Christopher Stiner (State Bar No. 276033)
**AHDOOT & WOLFSON, PC**
2600 West Olive Ave., Suite 500
Burbank, California 91505
Tel.: (310) 474-9111
Fax: (310) 474-8585
twolfson@ahdootwolfson.com
rjohnson@ahdootwolfson.com
tmaya@ahdootwolfson.com
cstiner@ahdootwolfson.com

Andrew W. Ferich (*pro hac vice* to be filed)
**AHDOOT & WOLFSON, PC**
201 King of Prussia Road, Suite 650
Radnor, PA 19087
Tel.: (310) 474-9111
Fax: (310) 474-8585
aferich@ahdootwolfson.com

*Attorneys for Plaintiffs*

**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF CALIFORNIA**
**SAN JOSE DIVISION**

| | |
|---|---|
| **IN RE GOOGLE DIGITAL ADVERTISING ANTITRUST LITIGATION** | Case No. 5:20-cv-03556-BLF<br><br>**PLAINTIFF LINDO'S NOTICE OF MOTION AND MOTION TO APPOINT TINA WOLFSON AND RACHEL JOHNSON OF AHDOOT & WOLFSON AS LEAD COUNSEL FOR THE ADVERTISER CLASS**<br><br>Date: April 1, 2021<br>Time: 9:00 a.m.<br>Judge: Hon. Beth Labson Freeman<br>Ctrm: Courtroom 3, 5th Floor |

**NOTICE OF MOTION AND MOTION**

TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD:

PLEASE TAKE NOTICE that on April 1, 2021, at 9:00 a.m., in Courtroom 3 of the United States District Court for the Northern District of California, Robert F. Peckham Federal Building & United States Courthouse, 280 South 1st Street, San Jose, 95113, the Honorable Beth Labson Freeman presiding, Plaintiff Victor Lindo will and hereby does move for an Order pursuant to Rule 23(g) of the Federal Rules of Civil Procedure appointing Tina Wolfson and Rachel Johnson of Ahdoot & Wolfson, PC as Interim Lead Counsel for Plaintiffs and the proposed class.

This motion is based upon this Notice of Motion and Motion, the supporting Memorandum set forth below, the exhibits attached hereto, the pleadings and records on file in this Action, and other such matters and argument as the Court may consider at the hearing of this motion.

Respectfully submitted,

Dated: February 25, 2021

By: */s/ Tina Wolfson*

Tina Wolfson (State Bar No. 174806)
Theodore W. Maya (State Bar No. 223242)
Christopher Stiner (State Bar No. 276033)
Rachel Johnson (State Bar No. 331351)
**AHDOOT & WOLFSON, PC**
2600 West Olive Ave., Suite 500
Burbank, California 91505
Tel.: (310) 474-9111
Fax: (310) 474-8585
twolfson@ahdootwolfson.com
tmaya@ahdootwolfson.com
cstiner@ahdootwolfson.com
rjohnson@ahdootwolfson.com

Andrew W. Ferich (*pro hac vice* to be filed)
**AHDOOT & WOLFSON, PC**
201 King of Prussia Road, Suite 650
Radnor, PA 19087
Tel.: (310) 474-9111
Fax: (310) 474-8585
aferich@ahdootwolfson.com

*Attorneys for Plaintiffs*

**TABLE OF CONTENTS**

**Pages**

I. INTRODUCTION ..... 1

II. ARGUMENT ..... 3

A. Wolfson and Johnson Have Performed Extensive Work In Identifying and Investigating Potential Claims For Months Prior to Filing Devaney. ..... 3

B. Ahdoot Wolfson Has Performed Extensive Work in This Litigation in Coordination With Girard Sharp. ..... 5

C. The Ahdoot Wolfson team Has Unparalleled Understanding of the Types of Claims Asserted Here and Extensive Experience in Handing Such Claims in Particular and Class Actions in General. ..... 6

1. Tina Wolfson ..... 6

a. Recent Noteworthy Leadership Appointments ..... 7

b. Recent Noteworthy Settlements ..... 8

c. Anti-trust ..... 9

d. Arbitration ..... 10

2. Rachel Johnson ..... 11

D. Ahdoot Wolfson Has The Resources To Litigate This Case And Propose Efficiency Protocols Regarding Attorneys' Fees. ..... 12

III. CONCLUSION ..... 13

# TABLE OF AUTHORITIES

**Pages**

## Cases

*Alvarez v. Sirius XM Radio Inc.*,
No. 2:18-cv-08605-JVS-SS (C.D. Cal.) ........ 8, 10

*Apple Inc. Device Performance Litigation*,
No. 5:18-md-2827-EJD (N.D. Cal.) ........ 9

*Astarita v. Google LLC, et al.,*
No. 5:21-cv-09321-BLF (N.D. Cal.) ........ 6

*Clark v. American Honda Motor Co., Inc.*,
No. 2:20-cv-03147-AB-MRW (C.D. Cal.) ........ 8

*Dental Supplies Antitrust Litigation*,
No. 1:16-cv-00696-BMC-GRB (E.D.N.Y.) ........ 10

*Devaney v. Google*,
No. 5:20-cv-04130-BLF (N.D. Cal.) ........ 5

*Eck v. City of Los Angeles*,
No. BC577028 (Cal. Super. Ct., Los Angeles Cty.) ........ 9

*Experian Data Breach Litigation*,
No. 8:15-cv-01592-AG-DFM (C.D. Cal.) ........ 9

*Grand Atlas Tours et al. v. Google LLC et al.*,
No. 5:20-cv-03556-BLF (N.D. Cal.) ........ 5

*Grand Atlas Tours LLC v. Google LLC, et al.,*
No. 1:20-cv-03057-TNM (D.D.C.) ........ 6

*In re Google Location History Litigation*,
No. 5:18-cv-5062-EJD (N.D. Cal.) ........ 8

*In re Ring LLC Privacy Litigation*,
No. 2:19-cv-10899-MWF-RAO (C.D. Cal.) ........ 8

*In re StubHub Refund Litigation*,
No. 4:20-md-02951-HSG (N.D. Cal.) ........ 7

*In re Zantac (Ranitidine) Prods. Liab. Litig.*,
No. 9:20-md-2924-RLR (S.D. Fla.) ........ 12

*In re ZOOM Video Communications, Inc. Privacy Litigation*,
No. 5:20-cv-02155-LHK (N.D. Cal.) ........ 8

*Miracle-Pond v. Shutterfly, Inc.*,
No. 1:19-cv-4722 (N.D. Ill.) ........ 10

*Powell Prescription Center v. Surescripts, LLC*, No. 1:19-cv-00627 (N.D. Ill.) .......... 10

*Robinson v. Jackson Hewitt, Inc.*, No. 2:19-cv-09066-SDW-ESK (D.N.J.) .......... 10

*Royal Disposable Medical & Safety Supplies, Inc. v. Google LLC, et al.*, No. 1:20-cv-03291-RJL (D.D.C.) .......... 6

**Rules**

Fed. R. Civ. P. 23(g)(1)(A) .......... 3

Fed. R. Civ. P. 23(g)(1)(A)(i) .......... 1

Fed. R. Civ. P. 23(g)(1)(A)(ii) .......... 2

Fed. R. Civ. P. 23(g)(1)(A)(iii) .......... 2

Fed. R. Civ. P. 23(g)(1)(A)(iv) .......... 3

Fed. R. Civ. P. 23(g)(1)(B) .......... 3

**Other Authorities**

Srinivasan, Dina, *Why Google Dominates Advertising Markets*, 24 STAN. TECH. L. REV. 55, 124 (December 8, 2020) .......... 5

BOLCH JUDICIAL INSTITUTE, DUKE LAW SCHOOL, Guidelines and Best Practices for Large and Mass-Tort MDLs, Sept. 2018 (2d Ed.) .......... 2, 12

**MEMORANDUM IN SUPPORT OF MOTION**

Plaintiff Vitor Lindo respectfully requests that this Court appoint his counsel, Tina Wolfson and Rachel Johnson of Ahdoot & Wolfson, PC ("Ahdoot Wolfson") as Interim Lead Counsel for the advertiser plaintiff class.

## I. INTRODUCTION

Ms. Wolfson and Ms. Johnson of Ahdoot Wolfson are best suited to lead the case on behalf of the advertiser class. Although the Court has opined that it was not necessary to file lead applications on behalf of the advertiser class in its comments at the February 4, 2020 CMC, these applicants believe that it is important to appoint interim lead counsel for the advertiser class at this time, after meeting and conferring with other counsel who intend to seek lead positions.

Ahdoot Wolfson is the only firm that represents the advertiser clients *only* in this litigation, while others represent publisher clients only, and others still represent both advertiser and publisher clients. Given the potential tensions highlighted by counsel for the publisher class (ECF No. 101), and based on consultation with a complex litigation ethics scholar, Ahdoot Wolfson believes it is in the best interest of the advertiser class to be represented by counsel with a duty of loyalty to this class only in the top tier of leadership, either as sole lead or as co-lead counsel at minimum.

As detailed below, Ahdoot Wolfson filed the case after months-long, comprehensive investigation into the facts and the merits that preceded any filings on this matter, including in depth legal and factual research, consultation with numerous experts and interviewing many advertisers and publishers. They have done more work in identifying and investigating potential claims in the action than any other firm, and are thus best suited to represent the best interests of the advertiser class. Fed. R. Civ. P. 23(g)(1)(A)(i). This work will also significantly assist lead counsel's efforts on the publisher side.

Ms. Wolfson is a seasoned veteran and proven leader of the class action bar who has enjoyed numerous leadership appointments and the respect of numerous courts and colleagues across the country. As one of the handful female founding members of a class action firm in the country, she has brought numerous class actions involving highly complex online technology issues, as well as antitrust cases, to successful conclusions in her 26 years of practice. Ms. Wolfson has also developed a proven strategy to

successfully resolve cases on a class wide basis even after they are sent to individual arbitration, one of the issues already before the Court with respect to the advertiser class. She will use her relationships with many of the plaintiffs' firms in this litigation, as well as her extensive experience leading and coordinating the work of many firms inclusively and efficiently, to maximize the resolution for the advertiser class.

Ms. Johnson holds a Master's Degree from Stanford University School of Engineering, and had a technical career as a scientist and engineer prior to and during law school. After graduate school, Ms. Johnson served as a senior data scientist and technical advisor for the US Department of Interior where she validated 3D hydrodynamic models for the San Francisco Bay Delta using Bayesian statistics, developed predictive algorithms, and built her own multivariate statistics tools using R, MATLAB and Python to analyze combinations of large time series data sets. Ms. Johnson graduated from Santa Clara University School of Law as an Emery Merit Scholar with a certificate in High Tech Law. During law school, she worked on patent drafting, prosecution, and portfolio management for Silicon Valley tech companies and consulted for startups on intellectual property strategy and employment law issues. While balancing a fulltime legal education and professional demands, she also became a first time mother. At six months pregnant, Ms. Johnson free climbed Eichorn's Pinnacle, Cathedral Peak, and Third Pillar of Dana in Yosemite National Park. At Ahdoot Wolfson, Ms. Johnson has successfully applied her technical aptitude to manage fact finding and development of factually complex class action litigation in the areas of privacy, antitrust, and consumer protection.

Together, and supported by other Ahdoot Wolfson attorneys, this team represents an unbeatable combination of counsel's experience in handling class actions, other complex litigation, and the types of claims asserted in the action as well as counsel's knowledge of the applicable law. Fed. R. Civ. P. 23(g)(1)(A)(ii) and (iii). The proposed team also offers gender, age, and life experience diversity to lead this MDL to a successful resolution, consistent with the Court's directive at the Case Management Conference on February 4, 2020 and best practices in MDL leadership appointments. *See* BOLCH JUDICIAL INSTITUTE, DUKE LAW SCHOOL, Guidelines and Best Practices for Large and Mass-Tort MDLs, Sept. 2018 (2d Ed.), at 37–38, available at https://judicialstudies.duke.edu/wp content/uploads/2018/09/MDL-2nd-Edition-2018-For-Posting.pdf.

Ahdoot Wolfson, founded in 1998, is completely self-funded by the proceeds of its litigation successes, and has never used third party financing services. It has the staying power, and the necessary financial and human resources to commit to representing this class. Fed. R. Civ. P. 23(g)(1)(A)(iv).

For all these reasons, the Court should appoint the Wolfson-Johnson team as Interim Lead Counsel for the advertiser plaintiff class.

## II. ARGUMENT

A consideration of the factors enumerated in Federal Rule of Civil Procedure 23(g) supports Ms. Wolfson's and Ms. Johnson's application to serve as Interim Lead Counsel for the advertiser class:

(i) the work counsel has done in identifying or investigating potential claims in the action;
(ii) counsel's experience in handling class actions, other complex litigation, and the types of claims asserted in the action;
(iii) counsel's knowledge of the applicable law; and
(iv) the resources that counsel will commit to representing the class.

Fed. R. Civ. P. 23(g)(1)(A). The Court may also "consider any other matter pertinent to counsel's ability to fairly and adequately represent the interests of the class." Fed. R. Civ. P. 23(g)(1)(B).

### A. Wolfson and Johnson Have Performed Extensive Work In Identifying and Investigating Potential Claims For Months Prior to Filing Devaney.

As an organic evolution of litigating privacy-related, cybersecurity and other unlawful business cases related to online technologies, Ahdoot Wolfson began investigating and researching antitrust and monopolization issues in online platforms in early 2020 With respect to potential claims related to Google digital advertising, Ahdoot Wolfson reviewed thousands of pages of highly reputable, academic, industry-focused sources including, without limitation: reports from Yale University's Thurman Arnold Project (antitrust research focus group); white papers and reports from the Stigler Center for the Study of the Economy and the State at the University of Chicago Booth School of Business (examining digital platforms including Google); Stanford Tech Law Review articles; numerous industry reports from the *Interactive Advertising Bureau* (IAB), an advertising business organization that develops industry standards, conducts research, and provides legal support for the online advertising industry, *eMarketer*, a digital marketing research company and go-to source for industry professionals to get independent analysis based on vetted and transparently sourced data, *AdWeek,* a leading source of news and insight serving the brand marketing ecosystem. and *AdExchanger,* a media company that provides research,

news, and analysis services to the data-driven digital marketing ecosystem including publishers, data providers, advertisers, and marketing agencies; a PhD dissertation on Real Time Bidding in online advertising from Northeastern University. Ahdoot Wolfson also conducted a detailed examination of the universe of Google's online advertising services individually, including Google Ads, Display & Video 360, Google Ad Network, Google Ad Manager, AdSense, AdX, and AdMob. Wolfson Decl. ¶ 2.

In its investigation, Ahdoot Wolfson consulted with numerous experts, including: an independent digital ad fraud auditor and consultant for advertisers and publishers and author for major business and marketing publication with 25 years-experience as a digital marketer and researcher and PhD from MIT; a media buyer and marketer for major Silicon Valley tech companies with 10 years-experience using Google's ad tools; a postdoctoral fellow with a PhD in Computer Sciences with focus on Real Time Bidding in online ad exchanges; an antitrust scholar and professor at a Silicon Valley law school; five potential antitrust class action damages experts; a complex litigation ethics scholar and professor at a Northern California law school. Wolfson Decl. ¶ 3.

Ahdoot Wolfson also extensively interviewed numerous advertisers and publishers – including those who use Google advertising services and those who use alternatives - to better understand their experience "on the ground" and the factual support for potential claims against Google. Wolfson Decl. ¶ 4.

In sum, Ahdoot Wolfson has invested hundreds of hours to research and thoroughly vet and develop the factual issues and market components relevant to a monopolization case against Google including programmatic advertising, real-time bidding ("RTB"), types of ad exchanges and their restrictions, demand side platforms, supply side platforms, data management platforms, ad networks, and ad servers. The result is a deep understanding of how the digital ad industry works, how it has changed over time, how it defines submarkets such as desktop and mobile, and where the pain points as well as efficiencies are for advertisers and publishers. Wolfson Decl. ¶ 5.

On May 17, 2020, The Omidyar Network released the report, "A Roadmap for Digital Advertising Monopolization Case Against Google" ("Roadmap") by Fiona Scott Morton and David Dinielli. Largely adapting this "Roadmap," Grand Atlas Tours filed their case on May 27, 2020, represented by Girard Sharp. *Grand Atlas Tours et al. v. Google LLC et al.*, Case No. 5:20-cv-03556-

BLF (N.D. Cal.). Wolfson Decl. ¶ 6.

On June 22, 2020, Plaintiffs represented by Ahdoot Wolfson filed *Devaney v. Google*, No. 5:20-cv-04130-BLF. This complaint, developed extensively beyond the "Road Map" offered by the Omidyar Network report was cited in the Stanford Technology Law Review article, "Why Google Dominates Advertising Markets" by Dina Srinivasan. *See* Srinivasan, Dina, *Why Google Dominates Advertising Markets*, 24 STAN. TECH. L. REV. 55, 124 (December 8, 2020). Available at SSRN: https://ssrn.com/abstract=3500919. Wolfson Decl. ¶ 7.

**B. Ahdoot Wolfson Has Performed Extensive Work in This Litigation in Coordination With Girard Sharp.**

After filing *Devaney*, Ahdoot Wolfson contacted Girard Sharp and, as a result, the two firms have coordinated their efforts in every aspect of the litigation on behalf of advertisers in this case. The Court is well aware of what has occurred in this litigation, and Ahdoot Wolfson was integrally involved in every aspect of the case before the Court: coordination and consolidation, case management, the early discovery dispute, drafting of the consolidated complaints and the briefing on the Motion to Dismiss, and the Digital Advertising Plaintiffs' Opposition to the Motion for Transfer to and Consolidation of Related Actions in the District of Columbia (MDL No. 2981, ECF No. 25). Wolfson Decl. ¶ 8.

Although Girard Sharp has insisted on filing every document in this and the MDL docket, and arguing at Court hearings, the Court should not be misled about Ahdoot Wolfson's significant substantive contributions to this case so far. For example, the majority of the seminal factual allegations in the Consolidated Class Action Complaint (ECF No. 35; "CAC") and First Amended Complaint (ECF No. 52; "FAC") were developed from Ahdoot Wolfson's in-depth research and analysis. Significant contributions from Ahdoot Wolfson included: clarified explanations and insight into online ad search and display markets (FAC ¶¶ 27-39); Google's digital ad market share and explanation of the 'ad tech stack' (FAC ¶¶ 40-44, 48, 50, 52-58, 74) and how the industry became stagnant with Google's anticompetitive acquisitions that misled the FTC (FAC ¶¶ 59-73, 76); the significance of the browsing and search data Google has on internet users in targeted, programmatic display advertising (FAC ¶¶ 88-98); harm to advertisers including steering, lack of transparency and price increases (FAC ¶¶ 100-112, 123-132); Google's denial of interoperability (FAC ¶¶ 140-141); Google's maintenance of monopoly

power with obfuscation of intermediary fees, arbitrage, and self-preferencing conduct (FAC ¶¶ 146-154); Google's use of Accelerated Mobile Pages to keep users on Google properties (FAC ¶¶ 155-159); market and competitor definitions and why direct-purchase channels are restricted (FAC ¶¶ 189-198, 203-204). These allegations are seminal to the Opposition to the Motion to Dismiss, which Ahdoot Wolfson drafted in part and significantly edited overall. Wolfson Decl. ¶ 10. All of these allegations were adopted by:

- Plaintiff Grand Atlas Tours, represented by Girard Sharp, in their complaint filed on November 6, 2020 in the District of Columbia. *See Grand Atlas Tours LLC v. Google LLC et al,* Case No. 1:20-cv-03057-TNM,
- Plaintiff Royal Disposal Medical & Safety Supplies, represented by Radice Law, in their complaint filed November 13, 2020 in the District of Columbia. *See Royal Disposable Medical & Safety Supplies, Inc. v. Google LLC et al*, Case No. 1:20-cv-03291-RJL, and
- Plaintiff Astarita represented by Girard Sharp and Radice Law in his complaint filed January 4, 2021, in N.D. Cal. *See Astarita v. Google LLC et al,* Case No. 5:21-cv-09321-BLF.
- "Publisher Plaintiffs" Sweepstakes Today, LLC, Genius Media Group, Inc. et al. and Sterling International Consulting Group share general allegations as to Google's anticompetitive conduct in the digital ad space generally including self-preferencing, monopoly leveraging of the online search market, acquisitions across the ad tech stack platform, and power over user data. Wolfson Dec

In sum, both prior to and since filing the Devaney complaint, Ahdoot Wolfson performed unparalleled work in identifying and investigating potential claims on behalf of the advertiser class. Wolfson Decl. ¶ 11.

### C. The Ahdoot Wolfson team Has Unparalleled Understanding of the Types of Claims Asserted Here and Extensive Experience in Handing Such Claims in Particular and Class Actions in General.

#### 1. Tina Wolfson

Ms. Wolfson was born in the former Soviet Union and her family escaped when she was 11 years old. Seven years after arriving as an indigent refugee who spoke no English, Ms. Wolfson attended Columbia College, and then Harvard Law School, graduating both *cum laude*. The experience of growing up in a totalitarian regime without individual freedoms gives her a unique appreciation for the

importance and fragility of those rights and defines her professional life, as does her strong immigrant work ethic.

As set forth in the firm's *curriculum vitae*, attached as Exhibit 1 to the Wolfson Decl., Ms. Wolfson is a founding member of Ahdoot Wolfson, a nationally recognized law firm with offices in Los Angeles, New York, Philadelphia area, and soon to come, Palo Alto. Ahdoot Wolfson is specialized in complex and class action litigation, with a focus on anti-competitive business practices, unfair business practices, consumer fraud, and privacy rights, in relevant part. Ahdoot Wolfson has successfully vindicated the rights of millions of class members in protracted, complex litigation, conferring billions of dollars to the victims, and affecting meaningful change in corporate behavior. The attorneys at Ahdoot Wolfson pride themselves on their staying power, the high quality of their work product, their zealous advocacy, and their staunch commitment to ethics and collegial cooperation with co-counsel and opposing counsel.

As one of the very few female founders of a national class action firm, Ms. Wolfson has gained extensive experience leading major class actions during her 26-year career and has been selected over competing applicants in a myriad of cases by federal and state court judges across the country, including many in the Northern District of California. Her extensive accomplishments and achievements are set forth in the firm CV, but a few are worth highlighting here.

**a. Recent Noteworthy Leadership Appointments**

Most recently, Ms. Wolfson was appointed as lead counsel over other competing applicants in the following high impact cases:

- In the *StubHub Refund Litigation*, 4:20-md-02951-HSG (N.D. Cal.) (Hon. Haywood S. Gilliam, Jr.), a consolidated multidistrict class action, plaintiffs allege that StubHub retroactively changed its refund policies as a result of the Covid-19 pandemic and refused to offer refunds despite promising consumers 100% of their money back if events are cancelled. In appointing Ms. Wolfson as Interim Co-Lead Counsel, Judge Gilliam noted that while competing counsel were qualified, her team "proposed a cogent legal strategy," "a process for ensuring that counsel work and bill efficiently" and "demonstrated careful attention to creating a diverse team. " (ECF No. 28 at 2 lines 17-23).

- Judge Koh selected Ms. Wolfson to serve as interim co-lead class counsel in the *ZOOM Video Communications, Inc. Privacy Litigation*, No. 5:20-cv-02155-LHK (N.D. Cal.), a class action alleging Zoom's failure to implement adequate security protocols for its video-conferencing platform that breached millions of consumers' privacy, fell well short of its promises, and diminished the value of the products and services it provided.

- Judge Fitzgerald selected Ms. Wolfson, after competing applications, to serve as interim co-lead class counsel in the *Ring LLC Privacy Litigation*, 2:19-cv-10899-MWF-RAO (C.D. Cal.) (Hon. Michael W. Fitzgerald), a consolidated class action arising from Ring's failure to implement necessary measures to secure the privacy of Ring user accounts and home-security devices, and failure to protect its customers from home video camera intruding hackers despite being on notice of the inadequacies of its cybersecurity.

- In *Clark v. American Honda Motor Co., Inc.*, No. 2:20-cv-03147-AB-MRW (C.D. Cal.), (Hon. André Birotte Jr.), Ms. Wolfson was appointed co-lead counsel in a consolidated class action arising from unintended and uncontrolled deceleration in certain Acura vehicles. In selecting Ms. Wolfson from competing applications, Judge Birotte noted: "The Court believes that Ms. Wolfson brings particular attention to the virtues of collaboration, efficiency, and cost-containment which strike the Court as especially necessary in a case such as this. Ms. Wolfson's appointment as Co-Lead also brings diversity to the ranks of attorneys appointed to such positions: such diversity is not simply a "plus factor" but the Court firmly believes that diverse perspectives improve decision-making and leadership." (ECF No. 68 at 3).

- Judge Davila selected Ms. Wolfson to serve as interim co-lead class counsel in the *Google Location History Litigation*, No. 5:18-cv-5062-EJD (N.D. Cal.), a consumer class action arising out of Google's allegedly unlawful collection and use of mobile device location information on all Android and iPhone devices.

**b. Recent Noteworthy Settlements**

- In *Alvarez v. Sirius XM Radio Inc.*, No. 2:18-cv-08605-JVS-SS (C.D. Cal.) (Hon. James V. Selna), a class action arising out of defendant's alleged failure to honor lifetime subscriptions for satellite radio services, Wolfson achieved a settlement conservatively worth $420 million. Sirius had

allegedly failed to honor its lifetime subscription service by claiming "lifetime" referred to the life of the device, not the consumer. The Settlement extends the promised subscription for the lifetime of class members who have active accounts and provides the opportunity for class members with closed accounts to reactivate their accounts and enjoy a true lifetime subscription or recover $100. The district court had granted the motion to compel arbitration on an individual basis, and AW appealed. Ms. Wolfson reached the final deal points of the nationwide class action settlement literally minutes prior to oral argument in the Ninth Circuit.

- *Apple Inc. Device Performance Litigation*, No. 5:18-md-2827-EJD (N.D. Cal.) is a class action challenging Apple's alleged practice of deploying software updates to iPhones that deliberately degraded the devices' performance and battery life. Judge Davila, who appointed Ms. Wolfson to the PSC, preliminarily approved a class action settlement of $310 million minimum and $500 million maximum, an excellent result achieved, in part, by Ahdoot Wolfson's work in that case.
- In *Eck v. City of Los Angeles*, No. BC577028 (Cal. Super. Ct., Los Angeles Cty. ("LASC")) (Hon. Ann I. Jones), Ahdoot Wolfson achieved a $295 million settlement arising from an 8% surcharge on Los Angeles electricity rates that plaintiffs alleged was an illegal tax. Final approval of the settlement was affirmed on appeal in October 2019.
- As co-lead counsel in the *Experian Data Breach Litigation*, No. 8:15-cv-01592-AG-DFM (C.D. Cal.) (Hon. Andrew J. Guilford), which affected nearly 15 million class members, Ms. Wolfson achieved a settlement conservatively valued at over $150 million. Each class member was entitled to additional premium credit monitoring and ID theft insurance plus monetary relief. Experian also provided robust injunctive relief to reform its cybersecurity practices. Judge Guilford praised counsel's litigation efforts and efficiency in achieving the settlement, commenting, "You folks have truly done a great job, both sides. I commend you."

As this sample of cases listed in subsections (a) and (b) above, and those listed in the firm CV further demonstrate, Ahdoot Wolfson has extensive experience in litigating cases with highly technical online platform issues, and will bring it to bear for the best interest of the class here.

**c. Anti-trust**

Ahdoot Wolfson also has significant experience in litigating anti-trust cases. In the *Dental*

*Supplies Antitrust Litigation*, No. 1:16-cv-00696-BMC-GRB (E.D.N.Y.) (Hon. Brian M. Cogan), a class action alleging an anticompetitive conspiracy among three dominant dental supply companies in the United States, Ahdoot Wolfson served on the plaintiffs' counsel team that brought in an $80 million cash settlement for the benefit of a class of approximately 200,000 dental practitioners, clinics, and laboratories.

In *Robinson v. Jackson Hewitt, Inc.*, No. 2:19-cv-09066-SDW-ESK (D.N.J.) (Hon. Susan D. Wigenton), a class action alleging that a standardized "no-poach" agreement among Jackson Hewitt and its franchisees limited mobility and compensation prospects for the tax preparer employees, Ahdoot Wolfson represents workers asserting claims under both federal antitrust and California employment laws.

In *Powell Prescription Center v. Surescripts, LLC*, No. 1:19-cv-00627 (N.D. Ill.) (Hon. John J. Tharp. Jr.), Ahdoot Wolfson represents pharmacies in a class action arising from Surescripts' alleged monopolies in both the routing and eligibility markets of the e-prescription industry.

**d. Arbitration**

Ms. Wolfson in intimately familiar with class action arbitration issues and keeps current on all developing case law. Ahdoot Wolfson has successfully defeated many motions to compel arbitration, and was primarily responsible for briefing this issue here (in addition to significant edits to the Opposition to the MTD). While the advertisers anticipate defeating Google's motion to dismiss based on the alleged presence of individual arbitration agreements, Ahdoot Wolfson will not stop zealously representing those plaintiffs, even if Google prevails. In both *Alvarez v. Sirius XM Radio, Inc.*, No. 2:18-cv-08605-JVS-SS (C.D. Cal.) and *Miracle-Pond v. Shutterfly, Inc.*, No. 1:19-cv-4722 (N.D. Ill.), for example, Ms. Wolfson was able to achieve favorable class-wide resolution for the class despite the cases being sent to individual arbitration. In *Sirius*, the class members received everything they were entitled assuming they prevailed on all aspects of litigation (a truly lifetime satellite radio subscription), plus a discount on the transfer fee. The terms of the *Shutterfly* class wide settlement are currently confidential.

In addition to having an in-depth understanding of the relevant facts and substantive law at issue in the instant litigation, Ms. Wolfson has extensive experience leading other lawyers both as a founding partner in her firm, as well as lead counsel in many MDLs and other consolidated class actions. Ms.

Wolfson knows and has worked with several of the firms applying for leadership positions here and has the leadership skills to utilize everyone's talents in an efficient manner to achieve the best possible result for the class.

**2. Rachel Johnson**

Ms. Johnson joined Ahdoot Wolfson in spring of 2020 as an associate and has already proved herself to be an extremely talented and devoted litigator. She holds a Master's Degree from Stanford University School of Engineering (Class of 2012) and had a technical career as a scientist and engineer prior to and during attending law school. After graduate school, Ms. Johnson served as a senior data scientist and technical advisor for the US Department of Interior where she validated 3D hydrodynamic models using Bayesian statistics, developed predictive algorithms, and analyzed big data sets and time series using multivariate statistics tools.

Ms. Johnson graduated from Santa Clara University School of Law as an Emery Merit Scholar with a certificate in High Tech Law. During law school, she worked on patent drafting, prosecution, and portfolio management for Silicon Valley tech companies and consulted for startups on intellectual property strategy and employment law issues. While balancing a fulltime legal education and professional demands, she also became a first time mother. At six months pregnant, Ms. Johnson free climbed Eichorn's Pinnacle, Cathedral Peak, and Third Pillar of Dana in Yosemite National Park. At Ahdoot Wolfson, Ms. Johnson has successfully applied her technical aptitude to manage fact finding and development of factually complex class action litigation in the areas of privacy, antitrust, and consumer protection.

With the support of her firm, and the eager mentorship of Ms. Wolfson, Ms. Johnson will successfully lead this complex case. Her appointment will ensure that the class will be represented by attorneys with an extremely high level of relevant technical expertise and will also address the issue of repeat players in class action litigation leadership, as well as provide gender, age, and life experience diversity in compliance with MDL Guidelines. *See* BOLCH JUDICIAL INSTITUTE, DUKE LAW SCHOOL, Guidelines and Best Practices for Large and Mass-Tort MDLs, Sept. 2018 (2d Ed.), at 37–38, available at https://judicialstudies.duke.edu/wpcontent/uploads/2018/09/MDL-2nd-Edition-2018-For-Posting.pdf.; *see also In re Zantac (Ranitidine) Prods. Liab. Litig.*, No. 9:20-md-2924-RLR (S.D. Fla.), ECF No. 685 (PTO #

20), at 2-3 ("The Court also sought to appoint a diverse leadership team that is representative of the inevitable diversity of the Plaintiffs in this case, and a team that affords younger and slightly less experienced attorneys an opportunity to participate in a leadership role in an MDL. The Court sought to create a team that would collectively bring to bear both wisdom and judgment, and also new approaches and ideas.").

**D. Ahdoot Wolfson Has The Resources To Litigate This Case And Propose Efficiency Protocols Regarding Attorneys' Fees.**

Ms. Wolfson and Ms. Johnson are fully aware of the financial and human resources that will be required to bring this case to a successful conclusion and the Court should have no reservations that Ahdoot Wolfson, have and are willing to commit the necessary resources for the benefit of the plaintiff class. Ms. Wolfson and Ms. Johnson will be supported by Theodore Maya, Christopher Stiner, and Andrew Ferich, all experienced class counsel as demonstrated in Ahdoot Wolfson's firm CV. Ahdoot Wolfson does not use outside funding, and their respective staying power is evidence that funding the case will not be an issue.

If appointed, the team will issue a billing protocol that will ensure that the class is not overcharged for attorney services. The bills will be reviewed and audited on a regular basis and, if the Court prefers, submitted to the Court. While Ahdoot Wolfson has expended considerable time, effort, and cost in developing this case, Ms. Wolfson and Ms. Johnson are fully aware that the time expended prior to any leadership appointment will not be remunerated. They are ideally poised to lead this litigation from the outset and look forward to successfully prosecuting Google for its alleged wrongdoing.

In order to ensure that duplicative billing is avoided, Ms. Wolfson and Ms. Johnson would implement contemporaneous billing guidelines and efficiency protocols, similar to those implemented in other consolidated class actions within this District, subject to the Court's approval. They propose that monthly time and expense reporting will be required from all counsel authorized to work on the case, and that she will personally review all such billing and submit them for in camera review should the Court so desire. If necessary, Ms. Wolfson and Ms. Johnson will counsel attorneys who fail to comply with the implemented billing and efficiency protocols. They will not charge the class for time expended in enforcing such protocols. All fee applications would comport with Ninth Circuit law.

**III. CONCLUSION**

For the foregoing reasons, Plaintiff Victor Lindo respectfully requests that the Court appoint Tina Wolfson and Rachel Johnson of Ahdoot Wolfson as Interim Lead Counsel for Plaintiffs and the proposed class.

Respectfully submitted,

Dated: February 25, 2021

By: */s/ Tina Wolfson*

Tina Wolfson (State Bar No. 174806)
Theodore W. Maya (State Bar No. 223242)
Christopher Stiner (State Bar No. 276033)
Rachel Johnson (State Bar No. 331351)
**AHDOOT & WOLFSON, PC**
2600 West Olive Ave., Suite 500
Burbank, California 91505
Tel.: (310) 474-9111
Fax: (310) 474-8585
twolfson@ahdootwolfson.com
tmaya@ahdootwolfson.com
cstiner@ahdootwolfson.com
rjohnson@ahdootwolfson.com

Andrew W. Ferich (*pro hac vice* to be filed)
**AHDOOT & WOLFSON, PC**
201 King of Prussia Road, Suite 650
Radnor, PA 19087
Tel.: (310) 474-9111
Fax: (310) 474-8585
aferich@ahdootwolfson.com

*Attorneys for Plaintiffs*