Tina Wolfson (State Bar No. 174806)
Rachel Johnson (State Bar No. 331351)
Theodore W. Maya (State Bar No. 223242)
Christopher Stiner (State Bar No. 276033)
**AHDOOT & WOLFSON, PC**
2600 West Olive Ave., Suite 500
Burbank, California 91505
Tel.: (310) 474-9111
Fax: (310) 474-8585
twolfson@ahdootwolfson.com
rjohnson@ahdootwolfson.com
tmaya@ahdootwolfson.com
cstiner@ahdootwolfson.com

Andrew W. Ferich (*pro hac vice* to be filed)
**AHDOOT & WOLFSON, PC**
201 King of Prussia Road, Suite 650
Radnor, PA 19087
Tel.: (310) 474-9111
Fax: (310) 474-8585
aferich@ahdootwolfson.com

*Attorneys for Plaintiffs*

# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF CALIFORNIA
# SAN JOSE DIVISION

| | |
|---|---|
| IN RE GOOGLE DIGITAL ADVERTISING ANTITRUST LITIGATION | Case No. 5:20-cv-03556-BLF<br><br>**PLAINTIFF LINDO'S RESPONSE TO APPLICATION OF GIRARD SHARP LLP FOR APPOINTMENT AS INTERIM LEAD COUNSEL IN SUPPORT OF AHDOOT & WOLFSON PC AS LEAD COUNSEL FOR THE ADVERTISER CLASS**<br><br>Date: April 1, 2021<br>Time: 9:00 a.m.<br>Judge: Hon. Beth Labson Freeman<br>Ctrm: Courtroom 3, 5th Floor |

Plaintiff Vitor Lindo submits this Response to the Application of Girard Sharp LLP for Appointment as Interim Lead Counsel in Support of his Motion to Appoint Tina Wolfson and Rachel Johnson of Ahdoot & Wolfson as Lead Counsel for the Advertiser Class.

**1. As a Fiduciary to the Class, The Court Should Address The Potential Conflicts Issue Now And Appoint Ahdoot & Wolfson—The Only Firm With Loyalties To The Advertiser Class Only—As Interim Lead Counsel for Advertisers**.

The Court received three motions for appointment of interim lead counsel: one application on behalf of Boies Schiller Flexner LLP, Korein Tillery LLC, and Berger Montague PC as interim co-lead counsel for the putative publisher class, and the law firms of Kirby McInerney LLP and Gustafson Gluek PLLC as members of the Publisher Class Leadership Committee ("Publisher Slate") (ECF No. 101); one on behalf of Ahdoot & Wolfson, PC requesting that it be appointed lead on behalf of the advertising clients (ECF No. 103), and one on behalf of Girard Sharp LLP ("Girard Sharp") requesting that it be appointed one of the leads for the publisher class, sole lead for the advertiser class, and as a "coordinator" across the two cases, along with a PSC consisting of the Radice Firm and Taus, Cebulash & Landau (ECF No. 102).

All applicants agree, at minimum, that publishers and advertisers constitute different classes with, at least in part, different interests. As a fiduciary to the class members, the Court should use its broad discretion to appoint lead counsel in the best interests of the class, irrespective of the applicant lawyers' ambitions. *See, e.g.*, *Allen v. Bedolla*, 787 F.3d 1218, 1223 (9th Cir. 2015) ("[T]he district court has a fiduciary duty to look after the interests of those absent class members.").

Fairness to both classes dictates that there be parity in the leadership appointed for each class, both in structure as well as the allegiances of the respective firms. If the Court appoints two co-lead counsel for the publishers, then the advertiser plaintiffs should also have the benefit of two qualified co-leads, and so on. And each class deserves to have in the top tier of leadership qualified counsel that are unencumbered by divided loyalties. That is the only way the Court can rest assured that both classes are adequately represented throughout the litigation, without the appearance of impropriety overshadowing the proceedings, and without fodder to objectors. Fed. R. Civ. P. 23(a)(4); 23(e)(2)(A); 23(g)(4). Ahdoot & Wolfson is the only firm who represents advertisers only, with no duty of loyalty to the publisher

-1-

class, and for that reason, as well as all the other reasons set forth in its Application (ECF No. 103), it should be appointed as Interim Lead Counsel for the advertisers.

Girard Sharp's proposal is patently unfair to the advertiser class. If accepted, all counsel leading the charge for advertisers will be encumbered by loyalties to their publisher clients as well, and be caught in the middle when difficult strategic decisions have to be made that may benefit one class but harm the other. Given the choice of available counsel, no class member would ever choose to bypass counsel who will protect *their* interests only at every step of the litigation, in favor of counsel who represent members of a competing class as well.

Furthermore, Girard Sharp advocates for sole leadership of the advertiser class, while it impliedly agrees that more than one lead counsel for the publishers is appropriate. But there is no evidence that the advertiser class is any less complicated or will require less resources to litigate. There is no valid reason to handicap the advertiser class by limiting its litigation resources as compared to those of the publishers.

Nor does the "wait and see" approach Girard Sharp suggests solve the problem or provide efficiency. Whatever term one uses—"differences", "tensions", or "conflict"—they are evident and exist now, as elaborated in the Publisher Slate's Application. Again, if choosing their own counsel, why would an advertiser class member accept representation by counsel with divided loyalties—even temporarily—when equally qualified counsel (who has done the most work in investigating the claims) with duty of loyalty only to the advertiser class is available? And why would a court choose to burden itself with regular re-evaluations of whether a potential conflict has risen to a level requiring separate counsel, and possibly having to undo work already done by counsel, rather than address the issue in the first instance? While courts sometimes choose to re-visit leadership orders as the case progresses, there is no efficiency to punting what is an obvious issue now until later.

**2. The Evidence in the Applications Confirms That Ahdoot & Wolfson Has Done The Most Pre-Filing Investigation and Has Litigated the Consolidated Case Here on Par With Girard Sharp.**

While Girard Sharp's application relies heavily on it filing the first complaint, the evidence shows

-2-
PLAINTIFF LINDO'S RESPONSE TO APPLICATION OF GIRARD SHARP LLP FOR APPOINTMENT AS INTERIM LEAD COUNSEL IN SUPPORT OF AHDOOT & WOLFSON PC AS LEAD COUNSEL FOR THE ADVERTISER CLASS; CASE NO. 5:20-CV-03556-BLF

that Ahdoot & Wolfson, who also filed prior to any government or other subsequent action, and less than one month after Girard Sharp, conducted the most pre-filing investigation and filed a more detailed and comprehensive original complaint in *Devaney*, investing months and hundreds of hours to working up the case prior to filing. (*See* ECF No. 103-1 ("Wolfson Decl."), ¶¶ 2-11.)  Further, Ahdoot & Wolfson has worked cooperatively with Girard Sharp and made the most seminal contributions to the substantive development of the case before this court, as well as addressing the MDL proceedings. (*Id.* ¶¶ 8-10.)  Ahdoot & Wolfson did not file copycat complaints in other jurisdictions, which have resulted in no benefit to the class, developing and efficiently moving the case forward substantively before this Court. With regard to the substance of the consolidated case here and the MDL proceedings, Ahdoot & Wolfson was an equal partner to Girard Sharp, despite the fact that Girard Sharp insisted on filing all the documents and arguing at all court appearances. (*Id.*)   Ahdoot & Wolfson yielded to these demands so as to maintain a cooperative spirit and efficient logistics.

The assertion that the Radice Law Firm and Taus, Cebulash & Landau has "meaningfully contributed to the representation of the advertiser plaintiffs" comes as a surprise to Ahdoot & Wolfson. (ECF 102 at 13:6.)  Other than filing follow-on complaints[1] that heavily borrow from *Devaney* and from Ahdoot & Wolfson's contributions to the Consolidated Complaint (*see* ECF No. 103-1, Wolfson Decl., ¶ 10), Ahdoot & Wolfson is not aware of any contribution by these firms to the ongoing litigation on behalf of advertisers, and Girard Sharp's application presents no evidence of any. In fact, no one at Radice or Taus, Cebulash has even communicated with anyone at Ahdoot & Wolfson, much less offered substantive contributions to the case. Nevertheless, if appointed Interim Lead Counsel, Ahdoot & Wolfson will work with these distinguished firms in an inclusive and cooperative manner as appropriate to maximize the recovery for the advertiser class.

Similarly, Ahdoot & Wolfson has the leadership skills and experience and the longstanding relationships with many of the applicants to seamlessly coordinate discovery between the advertiser and

---

[1] *See Royal Disposable Medical & Safety Supplies, Inc. v. Google LLC*, Case No. 1:20-cv-03291-RJL (filed by Radice Law); *Astarita v. Google LLC*, Case No. 5:21-cv-09321-BLF (filed by Girard Sharp and Radice Law).

-3-
PLAINTIFF LINDO'S RESPONSE TO APPLICATION OF GIRARD SHARP LLP FOR APPOINTMENT AS INTERIM LEAD COUNSEL IN SUPPORT OF AHDOOT & WOLFSON PC AS LEAD COUNSEL FOR THE ADVERTISER CLASS; CASE NO. 5:20-cv-03556-BLF

publisher counsel.

### 3. Conclusion

For the foregoing reasons, Plaintiff Victor Lindo respectfully requests that the Court appoint Tina Wolfson and Rachel Johnson of Ahdoot & Wolfson, PC as Interim Co-Lead Counsel for Plaintiffs and the proposed class.

Respectfully submitted,

Dated: March 18, 2021

By: */s/ Tina Wolfson*
Tina Wolfson (State Bar No. 174806)
Rachel Johnson (State Bar No. 331351)
Theodore W. Maya (State Bar No. 223242)
Christopher Stiner (State Bar No. 276033)
**AHDOOT & WOLFSON, PC**
2600 West Olive Ave., Suite 500
Burbank, California 91505
Tel.: (310) 474-9111
Fax: (310) 474-8585
twolfson@ahdootwolfson.com
tmaya@ahdootwolfson.com
cstiner@ahdootwolfson.com
rjohnson@ahdootwolfson.com

Andrew W. Ferich (*pro hac vice*)
**AHDOOT & WOLFSON, PC**
201 King of Prussia Road, Suite 650
Radnor, PA 19087
Tel.: (310) 474-9111
Fax: (310) 474-8585
aferich@ahdootwolfson.com

*Attorneys for Plaintiffs*